HOFFMAN *v.* LIBERTY MUTUAL INSURANCE COMPANY

[No. 344, September Term, 1962.]

*Decided June 17, 1963.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, MARBURY and SYBERT, JJ.

*Gerald H. Cooper* for the appellant.

*J. William Schneider, Jr.,* and *Eugene A. Edgett, Jr.,* for the appellee.

MARBURY, J., delivered the opinion of the Court.

At issue on this appeal from the granting of appellee's motion for summary judgment, is the question whether an insurance carrier may defeat the statutory lien of an attorney for his fee by applying funds held in escrow, pursuant to an order of the Workmen's Compensation Commission, to satisfy an overpayment made to a claimant.

The facts in this case are not in dispute. The appellant, Leon Hoffman, a practicing attorney in Baltimore City, represented a claimant, Homer Ross, before the Workmen's Compensation Commission for injuries sustained in the course of claimant's employment. The appellee, Liberty Mutual Insur-

ance Company, was the insurance carrier for the employer. Certain issues were raised before the Commission. The hearing resulted in an award dated April 26, 1961, in which the Commission found that the claimant had sustained an accidental injury arising out of and in the course of his employment, and further that he was temporarily totally disabled from May 17, 1959, to November 30, 1959, inclusive, and sustained a permanent partial disability under "Other Cases" amounting to a 45% industrial loss of the use of his body, of which 25% was attributed to the present accident and 20% was attributable to pre-existing disability. The appellee filed an appeal from the award on May 19, 1961, to the Baltimore City Court. The appellant filed a petition for an attorney's fee under Code (1957), Article 101, § 57, as amended by Chapter 64 of the Acts of 1958, and Rule No. 22 of the Rules of Procedure of the Workmen's Compensation Commission; and an order approving a fee of $750 was signed on May 23, 1961, with the provision that the fee was not to be paid until the pending appeal was determined. The appellee received a copy of the petition for the fee and the order of the Commission approving it. The appellant notified the appellee by letter dated June 5, 1961, that pursuant to Rule No. 22 his fee, as well as doctors' fees, should be placed in escrow until the appeal was determined.

Since the appeal by the appellee did not stay the award of the Commission, the appellee forwarded in care of the appellant, on June 27, 1961, two checks due the claimant. They were in the amount of $1925 and $1131.43 and represented respectively ,permanent partial benefit payments which had accrued to date, and temporary total disability benefits due under the award. The appellant, pursuant to an agreement with the appellee, forwarded $1105 in care of the claimant's employer, reimbursing the employer's disability benefits carrier, for health and accident benefits previously paid to the claimant, to which the claimant was not then entitled because of the award of the Commission.

On February 7, 1962, the appeal was tried in the Baltimore City Court before Judge Oppenheimer and a jury, at which

time the jury modified the award of the Commission. The jury found that the claimant had sustained a 35% permanent partial industrial loss of the use of his body, of which 20% was pre-existing, and affirmed all of the other findings of the Commission. Thereupon, the Commission on March 12, 1962, passed a modified award of compensation implementing the findings of the jury, the effect of which reduced the award to the claimant for permanent partial disability from $3125 to $1875, a difference of $1250. Subsequently a new petition for attorney's fee was filed by the appellant, and on April 6, 1962, the Commission passed an order awarding the appellant a fee of $600, as well as doctors' fees. Appellee received a copy of the petition and the order of the Commission approving the fee.

While the appeal was pending the appellee paid out to the claimant a total of $2250, which was all of the money due under the permanent partial disability award, with the exception of the appellant's fee and doctors' fees, all of which were being held in escrow pending the outcome of the appeal. Upon the completion of the appeal and after the new attorney's fee had been awarded, the appellant requested payment of his fee, as approved by the Commission, but the appellee refused to pay it, on the ground that all payments ordered by the Commission pursuant to its modified award had been made to the claimant as requested, and that there was in fact a $375 overpayment owed by claimant to the employer and insurer, so that there was no money in the hands of the appellee due the claimant upon which appellant's claimed lien could be asserted.

Upon refusal of the appellee to pay him the fee, the appellant instituted suit in assumpsit in the Baltimore City Court, and accompanied his pleading with a motion and affidavit for summary judgment. Appellee answered the motion and at the hearing thereon, at the suggestion of the trial judge, filed its own motion for summary judgment. On January 3, 1963, Judge Oppenheimer denied appellant's motion and granted a summary judgment in favor of the appellee for costs.

Code (1957, 1962 Cum. Supp.), Article 101, § 57 provides that if a claim for an attorney's fee is approved by the Com-

mission it shall become a lien upon the compensation awarded, but shall be paid therefrom only in the manner fixed by the Commission. The Commission, pursuant to Code (1957), Article 101, § 10, has promulgated rules and regulations of procedure, one of which is Rule No. 22. This rule provides that the filing of a petition for an attorney's fee with the Commission and service upon the employer and insurer of a copy of the petition is notice to the employer and insurer, to reserve in "escrow" the amount of fee requested in such petition until such time as the amount of the fee is determined by the Commission.

The effect of the above mentioned statute and rule is to impose a lien in the amount of the attorney's fee upon a part of the award equal to the amount of the fee approved by the Commission, which is to be held in escrow by the insurer. It is this amount in escrow to which the lien attaches. This is an interception of the money in the hands of the insurer. The appellee recognized this lien and stopped payments when the amount of permanent partial disability awarded reached a sum which, when added to the attorney's fee and doctors' fees, would equal the total original award. It now contends that when the court, on appeal, reduced the amount of the award, no money remained in its possession upon which the lien could attach.

Although Maryland has no statute providing for an attorney's lien as such, Article 101, *supra,* does provide for a lien in Workmen's Compensation cases. The lien attached when the Commission issued its initial award. It was not abated by the appeal, but the amount of the lien was subject to change by the result of the appeal. Appellee was still compelled to keep in an escrow fund an amount equal to the ultimate fee.

The purpose of Rule No. 22 is obviously to protect attorneys who represent claimants before the Commission. We think the language in *Lehigh & N. E. R. Co. v. Finnerty,* 61 F. 2d 289, 291 (3d Cir.), is particularly applicable here. In that case, an attorney who represented an employee injured in the line of his work was successful in imposing a statutory attorney's lien on the employer who, without the knowledge

of the attorney, had settled with the injured employee. In answering the employer's contention that the employer was only liable if the employee could not be sued, the Court said:

"To adopt this view would eliminate from the statute the protection which the Legislature clearly intended to afford an attorney against being deprived of his fee, where he has brought an action or suit for a plaintiff, which action or suit was settled between the parties without such attorney's consent. * * * To take any other view [other than that he may go against the employer first] would defeat the purpose which called the statute into being."

Although that case was based on a different factual situation, the same principle applies. Article 101, § 57, and Rule No. 22 are designed to protect attorneys. The appellee cannot set aside in escrow the original fee, prosecute an appeal resulting in a lower award, and then take the position that the attorney's lien does not apply. This would defeat the purpose of the law and the rule adopted pursuant thereto. The fact that appellee was compelled to make payments during the pendency of the appeal was not the result of appellant's action, but of the law, for this has been established since *Branch v. Indemnity Ins. Co.* (1929), 156 Md. 482, 144 Atl. 696. But for the appellant's lien the appellee would have been compelled to pay out the full amount of the first award before the appeal was determined. Appellee is estopped from claiming there is no fund from which the lien can be satisfied. The lien of the fee attached at the time of the Commission's original order, and, as stated above, the only effect of the new modified award and order was to change the amount of the fee. Contrary to appellee's contention, no money was owed by the claimant to appellee, since an overpayment does not permit a recovery by the insurer in this situation. *Branch v. Indemnity Ins. Co., supra.* We hold that the lien was still in effect and that appellee is deemed to be holding in escrow the amount of appellant's fee. Appellee instituted the appeal and it can not be allowed to say now that by being successful in reducing the

award, appellant's fee is extinguished when the lien was in effect all along. In *Sargent v. New York Cent. & H. R. R. Co.* (N. Y.), 103 N. E. 164, 166, a case involving the enforcement of a statutory attorney's lien, the New York Court of Appeals stated:

> "The lien did not spring from the contract, but from the statute, and it secured the compensation of the intestate [the attorney having died] as payable under correct legal rules. When the settlement was arranged, the stipulated fund which by payment to McLeod [the client] was to carry it out and into which the cause of action was transformed was charged with the lien. *The defendant having knowledge of the lien may not say that it disregarded it and parted with the entire fund.* It was bound to retain, and the law conclusively assumes it has retained, sufficient to pay the sum which the plaintiff was entitled to receive." (Italics supplied).

Here the appellee had knowledge of the lien and it can not be heard to say it paid that amount to claimant, particularly since the fund was in escrow.

In view of what has been said above it follows that the trial judge was in error in awarding summary judgment to the appellee, and that summary judgment should have been entered for the appellant for the amount of the fee.

> *Judgment reversed and judgment entered for appellant against appellee for $600, with interest from April 6, 1962. Costs to be paid by appellee.*