# CHANTICLEER SKYLINE ROOM, INC. ET AL. *v.* BERTHA LEE GREER

[No. 622, September Term, 1972.]

*Decided October 1, 1973.*

The cause was argued before Thompson, Moylan and Davidson, JJ.

*R. Roger Drechsler*, with whom were *Lord, Whip, Coughlan & Green* on the brief, for appellants.

Submitted on brief by *Maurice J. Pressman* for appellee.

Davidson, J., delivered the opinion of the Court.

In 1960 Bertha L. Greer, the appellee-claimant, sustained an accidental injury to her back during the course of her employment by appellant-employer Chanticleer Skyline Room, Inc., insured by appellant-insurer Maryland Indemnity Insurance Company. On 24 January 1961, the Workmen's Compensation Commission awarded her temporary total disability compensation. On 13 April 1961, she was awarded 10% permanent disability compensation. In an order dated 17 October 1963, the Commission awarded her temporary total disability compensation beginning 22 May 1963 because of an operation she underwent for disc fusion. The order was affirmed on appeal. The payments were ordered terminated as of 1 March 1965.

In 1965 appellee applied for increased permanent disability compensation, and on 23 February 1966, the Commission awarded her 30% permanent disability compensation. On 21 March 1966 the employer-insurer filed an appeal. On 24 March 1966 the Commission ordered, insofar as here relevant, that claimant's attorney be allowed the sum of $500 as a counsel fee.[1] The Commission further

---

1. The order as written states as follows:

"Ordered by the Workmen's Compensation Commission this 24th day of March, 1966, that Millard Esterson be and he is hereby allowed the sum of $500 as counsel fees and $150 for medical fees to be paid to Dr. Eli Lippman for professional services rendered the claimant, said amount to be paid in a lump sum from the closing weeks of compensation due the claimant under order of Workmen's Compensation Commission dated February 23, 1966."

For purposes of this decision it is unnecessary to consider that portion of the order relating to the medical fee.

ordered that payment of this counsel fee not be made until the pending appeal was determined. By August 1966 all payments ordered by the Commission in its 23 February 1966 award were made, except the amount ordered on 24 March 1966 to be deducted for the counsel fee.

On 4 November 1969, the appeal was dismissed by the Superior Court of Baltimore City because of appellant's failure to prosecute. It was reinstated, on appellant's motion, on 31 December 1969. On 24 March 1970, the appeal was again dismissed, this time by appellants. On 15 June 1970, the counsel fee still due and owing under the 24 March 1966 order was paid.

On 1 October 1971, a doctor prescribed a back brace for appellee. The bill for the brace was paid by the insurer on 28 October 1971. On 3 December 1971, appellee filed a petition before the Commission seeking payment of some additional medical expenses and asking to reopen her claim for permanent disability compensation.

In an award dated 26 June 1972, the Commission ordered the employer to pay appellee's medical expenses, but the petition to reopen was denied on the ground that it was filed after the period of limitations had expired. Appellee appealed to the Superior Court of Baltimore City.

Appellee filed a motion for summary judgment alleging that there was no genuine dispute as to any material fact, which appellants admitted. Appellee argued that the petition to reopen should have been granted for any of three reasons. First she argued that she could not have filed a petition to reopen her disability claim until March 1970, because the Commission lacked jurisdiction until then as a result of the pendency of appellants' appeal on the questions of the cause and extent of her disability as determined by the Commission on 23 February 1966. She concluded that her submission of a petition to reopen, 21 months after the appeal was dismissed, was timely. Second, she argued that appellants' payment in October 1971 for her back brace was a payment of compensation. Since the period of limitations begins running from the last payment of compensation, Code (1957), Art. 101, § 40 (c), a claim to reopen filed in

December 1971 was well within the limits. Third, she argued that the last payment of compensation was not made until the counsel fee ordered on 24 March 1966 was paid on 15 June 1970, and that the statute of limitations did not begin running until then. Therefore, the December 1971 filing was within the limitations. Appellants contended in reply that appellee received her last payment of disability compensation in August 1966. Since her petition to reopen was not filed until December 1971, her claim was not timely and the Commission was correct in not permitting her to reopen her claim.

Judge Paul A. Dorf granted appellee's motion for summary judgment and held that the petition to reopen was erroneously denied. He agreed with appellee's first and second arguments and rejected her third. The employer and insurer appealed to this Court.

Code (1957), Art. 101, § 40 (c) reads:

> "The powers and jurisdiction of the Commission over each case shall be continuing, and it may, from time to time, make such modifications or changes with respect to former findings or orders with respect thereto as in its opinion may be justified; provided, however, that no modification or change of any award of compensation shall be made by the Commission unless application therefor shall be made to the Commission within five years next following the last payment of compensation." [2]

We find that the payment of the counsel fee constituted the last payment of compensation within the meaning of § 40 (c) and that the petition to reopen was not barred by the § 40 (c) statute of limitations. Accordingly, no other question is reached.

Code (1957), Art. 101, § 36 reads in pertinent part:

> "Each employer [employee] (or in the case of

2. A 1969 amendment to § 40 (c) increased the period of limitations from three years to five years. 1969 Laws of Maryland, Ch. 116, § 1.

death his family or dependents) entitled to receive compensation under this article shall receive the same in accordance with the following schedule and except as in this article otherwise provided, such payment shall be in lieu of any and all rights of action whatsoever against any person whomsoever." [3]

Code (1957), Art. 101, § 37 (a) reads:

"In addition to the compensation provided for herein the employer shall promptly provide for an injured employee, for such period as the nature of the injury may require, such medical, surgical or other attendance or treatment . . . as may be required by the Commission, provided, however, that any order or award of the Commission, under this subsection, shall not be construed to reopen any case, or permit any previous award to be changed or modified, except as provided in § 40 (c) and 40 (d) of this article."

Code (1957), Art. 101, § 37 (d) in pertinent part reads:

"In case death ensues from the injury within five [4] years, reasonable funeral expenses shall be allowed . . . ."

Code (1957), Art. 101, § 67 (5) reads:

" 'Compensation' means the money allowance payable to an employee or to his dependents as provided for in this article and includes funeral benefits provided therein."

Code (1957), Art. 101, § 57, in pertinent part, reads:

". . . No person shall charge or collect any

---

**3.** The rest of the section dictates the formulae for various amounts of compensation which generally are related to the nature of the injury and the extent and duration of disability.

**4.** A 1967 amendment to § 37 (d) increased the period within which funeral expenses would be allowed from three years to five years. 1967 Laws of Maryland, Ch. 156, § 1.

compensation for legal services in connection with any claims arising under this article, or for services or treatment rendered or supplies furnished pursuant to § 37 of this article, unless the same be approved by the Commission. When so approved, such fee or claims shall become a lien upon the compensation awarded, but shall be paid therefrom only in the manner fixed by the Commission. . . ."

Code (1957), Art. 101, § 49 reads:

"In every case providing for compensation to an employee or his dependent, excepting temporary disability, the Commission may, if in its opinion the facts and circumstances of the case warrant it, convert the compensation to be paid in a partial or total lump sum, without discount."

These provisions establish that a claimant is entitled to be compensated and the employer is obligated to pay only for the claimant's disability, medical services in connection with the disability, and funeral expenses, if required. §§ 36 and 37. The claimant's "compensation" is the amount of money determined by the Commission to be due to him from the employer-insurer to cover only these items. § 67 (5); see Uninsured Employ. Fund v. Booker, 13 Md. App. 591, 284 A. 2d 454 (1971). The claimant is not entitled to be compensated and the employer-insurer is not obligated to pay for counsel fees incurred in the processing of the claim. The payment of these fees is the personal obligation of the claimant. See III Larson, Workmen's Compensation, § 83.11 at 354.39 (1971). Because benefit scales are tailored so as to cover only the minimum support of the claimant during disability and do not include any amount for legal and other expenses incurred in obtaining the award, some effort is made to protect the claimant from an undue loss of benefits by a requirement that the Commission exercise strict supervision over such fees. § 57; see Larson, supra, § 83.13 at 354.44. In order to protect the attorney and to enhance his ability to collect a Commission-approved fee, the fee becomes a lien upon the compensation awarded. § 57; Hoffman v. Liberty

*Mutual,* 232 Md. 51, 55-56, 191 A. 2d 575, 577 (1963). The lien attaches when the fee is approved, and it must be paid from the compensation awarded in the manner fixed by the Commission. § 57; *Hoffman v. Liberty Mutual, supra.* Because such fees are paid from the claimant's compensation, they may, in cases not involving temporary disability, be paid in a partial or lump sum, without discount, only upon approval by the Commission. § 49; *see Bethlehem Steel Co. v. Jackson,* 199 Md. 642, 87 A. 2d 841 (1952); *Petillo v. Stein,* 184 Md. 644, 652-53, 42 A. 2d 675, 678-79 (1945).

The lien which attaches for the protection of the attorney does not alter the underlying relationships existing between the claimant, the employer-insurer, and the attorney or their relationship to the money involved. The lien does nothing more than place a charge upon a portion of the compensation payable to the claimant as a security for the debt owed by the claimant to the attorney. While it bars direct payment to the claimant of a portion of his compensation, it does not create an ownership interest in the attorney. *See Westinghouse v. State Tax Comm'n,* 206 Md. 392, 402, 211 A. 2d 661, 662 (1955); 53 C.J.S. *Liens,* § 1 at 829. The money to be paid to the attorney remains a portion of money to which the claimant is entitled as compensation. The obligation for the payment of counsel fees remains the obligation of the claimant, and the obligation of the employer-insurer to pay the claimant the full amount of the compensation awarded to him remains unchanged. The only alteration made by the imposition of the lien is the manner in which the employer-insurer satisfies his obligation for compensation to the claimant. Because of the lien, the employer's obligation to the claimant is required to be discharged not by a direct payment to the claimant himself, but rather by the satisfaction of the claimant's obligation to the attorney.

Thus it is clear that an employer-insurer's payment of counsel fees simultaneously serves two purposes. It discharges the claimant's debt to his attorney for services rendered in obtaining the award and concurrently it

discharges the employer-insurer's obligation to the claimant for the payment of compensation. Because the payment of a Commission-approved counsel fee discharges the employer-insurer's obligation to the claimant for compensation, we hold that such payment constitutes a payment of compensation within the meaning of § 40 (c) of the Act.

Under § 40 (c) the period of limitations starts to run on the date that the last payment of compensation is made, rather than on the date such payment becomes due. *Adkins v. Weisner*, 238 Md. 411, 414, 209 A. 2d 255, 256 (1965); *Porter v. Beth.-Fair. Shipyard*, 188 Md. 668, 675, 53 A. 2d 668, 672 (1947). Here the counsel fee was paid on 15 June 1970. It is that date which governs, rather than the date such payment became due under either the 23 February 1966 award or the 24 March 1966 order. Appellee's petition to reopen, filed on 3 December 1971, was timely and was not barred by the § 40 (c) statute of limitations.[5] Accordingly, the Commission should have permitted the case to be reopened.

> *Judgment affirmed; case remanded for entry of an order remanding the case to the Workmen's Compensation Commission for further proceedings in accordance with this opinion.*
>
> *Costs to be paid by appellants.*

---

**5.** In view of this decision, it is unnecessary to determine whether the three-year period of limitatioms prescribed in § 40 (c) prior to its amendment in 1969 or the five-year period thereafter prescribed is applicable in this case.