# KARL G. FEISSNER v. PRINCE GEORGE'S COUNTY, MARYLAND

[No. 113, September Term, 1977.]

*Decided April 24, 1978.*

414

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, LEVINE, ELDRIDGE, ORTH and COLE, JJ.

*Robert H. Levan,* with whom were *Feissner, Garrity, Levan & Schimel* on the brief, for appellant.

*Karel C. Petraitis, Associate County Attorney,* with whom were *James C. Chapin, County Attorney, Dennis M. Gottesmann, Associate County Attorney,* and *R. Roger Drechsler* on the brief, for appellee.

LEVINE, J., delivered the opinion of the Court.

We granted certiorari here to decide whether an attorney for a claimant in a workmen's compensation case may collect authorized counsel fees from the claimant's public employer even though the entire compensation award has been extinguished as a consequence of the availability of superior benefits from a governmental pension fund. In two companion cases presenting this issue, which are before us in one record, the Circuit Court for Prince George's County ordered payment of the fees only to be reversed by the Court

of Special Appeals in *Prince George's Co. v. Feissner,* 37 Md. App. 124, 377 A. 2d 1185 (1977). We affirm.

Appellant served as attorney for individual claimants in two unrelated workmen's compensation proceedings which led ultimately to this appeal. In both cases brought against Prince George's County (the County), as employer and self-insurer, the Workmen's Compensation Commission of Maryland (the Commission) found the claimant permanently and totally disabled, ordering payment of compensation at the rate of $96.80 a week not to exceed the sum of $45,000. Subsequently, the Commission awarded appellant an attorney's fee of $5,659 in one case and the sum of $6,100 in the other.

The present controversy arose when the County refused to pay either the compensation award or the attorney's fees.[1] After orders for compensation benefits and attorney's fees had been entered by the Commission, the County invoked the offset provisions of Maryland Code (1957, 1964 Repl. Vol., 1977 Cum. Supp.) Art. 101, § 33 (c) and (d), which provides: [2]

"(c) Whenever by statute, charter, ordinances, resolution, regulation or policy adopted thereunder, whether as part of a pension system or otherwise, any benefit or benefits are furnished employees of employers covered under § 21 (a) (2) of this article, the dependents and others entitled to benefits under this article as a result of the death of such employees, the benefit or benefits when furnished by the employer shall satisfy and discharge pro tanto or in full as the case may be, the liability or obligation of the employer and the Subsequent Injury Fund for any benefit under this article. If any benefits so furnished are less than those provided

1. In actuality one of the claimants had already received payments totaling almost $15,000 — one-third of the entire award — before Prince George's County asserted its refusal to pay further compensation benefits or any counsel fees. Appellant concedes, however, that these payments are of no significance and that they do not affect the issue to be decided here.

2. Save for minor changes in style and form, the offset provisions presently contained in Maryland Code (1957, 1964 Repl. Vol., 1977 Cum. Supp.) Art. 101, § 33 (c) and (d) are identical to those which governed the workmen's compensation claims from which this dispute arose.

for in this article the employer or the Subsequent Injury Fund, or both shall furnish the additional benefit as will make up the difference between the benefit furnished and the similar benefit required in this article.

"(d) The Commission may determine whether any benefit provided by the employer is equal to or better than any benefit provided for in this article, and to render an award against the employers or the subsequent injury fund, or both to furnish additional benefit or benefits to make up the difference between the benefit furnished by the employers and the benefits required by this article as the case may be. This section is also subject to the continuing powers and jurisdiction of the Commission provided for in this article."

Noting that each claimant was entitled to disability retirement pay which exceeded even the maximum workmen's compensation awarded him by the Commission, the County contended that the compensation claims had been satisfied by the more generous pension benefits and disclaimed all responsibility for payment of the claimants' attorney's fees. The Commission found in each case, there being no contrary assertion by the claimant, that the benefits provided by the employer as disability retirement were at least equal to those available under the workmen's compensation laws of this state. Thus the compensation award in each case was offset by the retirement benefits. In one case, however, the Commission ruled that appellant's right to collect counsel fees was abrogated by the total offset of the compensation award, but allowed collection of the fee in the second case. The County declined to pay either fee.

Confronted with the County's refusal to pay the fee initially awarded him in both cases, appellant filed two actions at law in the circuit court. Both efforts were successful. In each instance the court held that the offset provisions of § 33 did not extend to the fees awarded the claimant's attorney. The court held, in effect, that a statutory attorney's lien had

attached upon issuance of the original orders and that once this lien had fastened, the employer was obligated to retain sufficient funds for payment even if the compensation award itself had been discharged by operation of § 33.

In reversing, the Court of Special Appeals held that application of the offset provisions not only extinguished the compensation award granted the claimants, but also precluded creation of a lien upon those benefits for the payment of legal fees. As the court stated:

> "When the Commission passed its orders approving the attorney's fees, the County had no compensation liability to either of the claimants to which a lien could attach. Therefore, there was no lien. As we have pointed out, the County had no obligation to pay the fee out of its own funds, unless it ignored a valid lien." 37 Md. App. at 139.

The payment of fees for legal services rendered to claimants in workmen's compensation cases is regulated by § 57 of Article 101, which, in relevant part, provides:

> "No person shall charge or collect any compensation for legal services in connection with any claims arising under this article, or for services or treatment rendered or supplies furnished pursuant to § 37 of this article, unless the same be approved by the Commission. *When so approved, such fee or claims shall become a lien upon the compensation awarded,* but shall be paid therefrom only in the manner fixed by the Commission. Upon application of any party in interest, the Commission shall have full power to hear and determine any and all questions which may arise concerning legal services rendered in connection with any claim under this article and may order any attorney or other person receiving the same, to refund to the person paying the same, any portion of any charge for legal services which the Commission may, in its discretion, deem excessive." (emphasis added).

Unlike its counterparts in several states, § 57 does not treat attorney's fees as an "add-on" or "double" benefit which the employer must pay injured employees in addition to the compensation award itself. *See generally* 3 A. Larson, *The Law of Workmen's Compensation* §§ 83.11 and 83.12 (1976). As Judge Digges said for the Court in *Chanticleer Skyline Rm. v. Greer,* 271 Md. 693, 700, 319 A. 2d 802 (1974), *aff'g* 19 Md. App. 100, 309 A. 2d 638 (1973):

> "The code does not mandate, as the petitioners contend, that there be two *separate* awards payable by the employer and its insurer, one to the attorney, and another to the employee. Instead, a single award of compensation is made . . . ." (emphasis in original).

The *Chanticleer* cases conclusively settle the proposition that under the Maryland statutory scheme, the payment of legal fees does not become an independent obligation of the employer or his insurer, but instead remains at all times the personal responsibility of the claimant. Thus legal fees are not among the enumerated benefits available to the claimant from his employer under the workmen's compensation laws of this state.

Nevertheless, since workmen's compensation benefits are calculated to provide only minimum wage-loss protection during the period of disability, a serious risk exists that the purpose of the compensation award will be frustrated if benefits are exhausted by payment of excessive legal fees. Consequently, the primary function of § 57 is to protect against this possibility by authorizing the Commission to adopt appropriate safeguards.[3] To secure payment of a reasonable fee to the attorney, on the other hand, and to minimize intrusion into the otherwise private relationship between attorney and client, the statute imposes a lien upon the compensation award for the amount of the fee. This lien, however, does not represent a statutory right in the attorney to remuneration for legal services, but merely places a charge

---

3. See Rule 22 of the Rules of the Workmen's Compensation Commission; and see Statement of Policy for Approval of Attorneys' Fees by Workmen's Compensation Commission (Oct. 20, 1970), reprinted in M. Pressman, *Workmen's Compensation in Maryland* 571 (2d ed. 1977).

upon the compensation award as security for the legal fee owed by the claimant and approved by the Commission. *See Westinghouse v. State Tax Comm.,* 206 Md. 392, 402, 111 A. 2d 661 (1955). Thus, as appellant correctly argues, the lien attaches when the fee is approved by the Commission, but the money to be paid the attorney remains part of the fund to which the employee is entitled as compensation. Liability for payment of counsel fees continues to rest with the employee. Since the employer remains obligated to pay the compensation award from which the fee is to be paid, he may, in part, fulfill his responsibility to the claimant by paying the employee's debt to the attorney. The statutory lien merely alters the manner in which the employer discharges his liability for the compensation award.

> "Thus it is clear that an employer-insurer's payment of counsel fees simultaneously serves two purposes. It discharges the claimant's debt to his attorney for services rendered in obtaining the award and concurrently it discharges the employer-insurer's obligation to the claimant for the payment of compensation." *Chanticleer Skyline Room v. Greer,* 19 Md. App. at 106-107.

Echoing the view propounded by Professor Larson, appellant contends that a claimant's legal fees "should be based on the facts [existing] as of the time the services were rendered, and should not be at the mercy of subsequent or collateral events over which he has no control." 3 A. Larson, *Law of Workmen's Compensation* § 83.13 (1976). In support of this contention, appellant relies mainly on decisions from Kentucky and New Jersey. In *Elkhorn Stone Company v. Webb,* 478 S.W.2d 720 (Ky. 1972), the claimant who had been awarded permanent total compensation subsequently died of a self-inflicted gunshot wound, the effect of which was to preclude the payment of benefits to his dependents. A few days later, his attorney requested a fee for "20 percent of the award" made to the deceased claimant, which was granted by the compensation board and upheld by the Kentucky Court of Appeals. Central to the court's decision was a statute which

provided, in effect, that "the right to the fee becomes vested when the award is made, and is not affected by subsequent events that may reduce the award . . . ." 478 S.W.2d at 720.[4]

In *Raves v. County of Middlesex-Roosevelt Hospital,* 102 N.J. Super. 179, 245 A. 2d 536, 539 (1968), an employee who was injured by the negligence of a third person brought a tort action which was settled for $4,000 prior to a hearing on the workmen's compensation claim. The total workmen's compensation benefits for which the employer was responsible amounted to $3,335, of which it was required to pay only $1,074 to the claimant after receiving certain credits. Based on this latter sum, rather than on the full compensation award, the claimant's attorney was granted a fee of only $210. On appeal the New Jersey court, interpreting applicable state law, held that the fee should have been computed on the entire award.

The result in each of the above cases was predicated upon the operation of a statute which either expressly or impliedly preserved the right to counsel fees even when the compensation award was subsequently nullified. In neither case was the court called upon to examine the interplay, as we are here, between statutes governing payment of legal fees in workmen's compensation cases and those providing for the offset of pension benefits where the claimant is also a public employee.

We recently considered the offset provisions of § 33 in *Mazor v. State, Dep't of Correction,* 279 Md. 355, 369 A. 2d 82 (1977), *aff'g* 30 Md. App. 394, 352 A. 2d 918 (1976); *see also Nooe v. City of Baltimore,* 28 Md. App. 348, 345 A. 2d 134 (1975), *cert. denied,* 276 Md. 748 (1976). In *Mazor,* taking note of the fact that a majority of American jurisdictions provide for some form of setoff in the area of wage-loss legislation, we said:

"[W]orkmen's compensation is one facet of an

---

4. Despite the absence of an express statutory provision, a similar result was reached in Hoffman v. Liberty Mutual, 232 Md. 51, 56, 191 A. 2d 575 (1963), where this Court held that an insurer who had placed the full amount of an approved fee in escrow to satisfy the attorney's statutory lien was obligated, *under principles of estoppel,* to pay the entire fee notwithstanding a subsequent reduction of the compensation award on appeal.

> overall system of wage-loss protection, and . . . the underlying principle of the system is to restore to the worker a portion of wages lost by physical disability, unemployment, or old age. It follows that although two or more causes of wage loss may coincide, the benefits need not cumulate, for the worker experiences but one wage loss." 279 Md. at 363 (citation omitted).

As we observed earlier, the Commission found in this case — without any dissent from appellant — that the pension disability benefits provided by the County were even more favorable than the maximum award rendered in the workmen's compensation case. In such instances, § 33 mandates that the pension disability benefits "shall satisfy and discharge" in full "the liability or obligation of the employer for *any* benefit under this article," meaning "any benefit" payable under the workmen's compensation laws of this state. (emphasis added). Thus, the effect of § 33 is to prevent the rendition of a compensation award altogether, whenever state or municipal disability benefits exceed those available under Article 101. While the Commission, pursuant to the dictates of the offset statute, must initially make a determination as to the amount and nature of workmen's compensation benefits to which a claimant would be entitled in the absence of collateral pension payments, this evaluation does not in and of itself constitute an award of compensation within the contemplation of § 57 and out of which a lien for counsel fees could be satisfied.

We therefore hold that because the offset provision operates to satisfy and discharge in full the workmen's compensation liability of the employer, there comes into existence no fund on which the attorney's lien authorized by § 57 can attach or from which payment of legal fees can be compelled. The consequence is that the employer is discharged of any possible liability under the workmen's compensation laws for those legal services. Since appellant posits his case solely on the premise that he was entitled to obtain payment of his fees from the County under the workmen's compensation statutes, the Court of Special

422

Appeals was entirely correct in overturning the two decisions of the circuit court.

Conceivably, our holding here may, as appellant warns, impair the ability of public employees to obtain legal representation in prosecuting their claims for benefits under the workmen's compensation laws. However sympathetic we may be to this argument, we are nevertheless bound by the plain and unambiguous language of §§ 33 and 57.

*Judgment affirmed; appellant to pay costs.*