792 A.2d 1179

Nancy HOOD, Personal Representative of the
Estate of Mary Ann Ibrahim, et al.,

v.

ALLTRISTA CORPORATION, et al.

No. 0571, Sept. Term, 2001.

Court of Special Appeals of Maryland.

March 4, 2002.

Barry R. Glazer, Baltimore, for appellant.

George W. Elder (Law Offices of Joseph M. Jagielski, on the brief), Baltimore, for appellees.

Argued before JAMES R. EYLER, ADKINS, WILLIAM W. WENNER (Retired, Specially Assigned), JJ.

ADKINS, Judge.

The issue in this appeal is whether the Workers' Compensation Commission (the "Commission") has authority to award attorney's fees for work performed on behalf of a claimant who had no dependents and died while her claim for permanent disability was pending. We shall affirm the decisions of the Commission and the circuit court that neither a posthumous award of permanent disability nor an award of attorney's fees was possible in these circumstances.

## FACTS AND LEGAL PROCEEDINGS

Mary Ann Ibrahim (the "claimant") was employed by Alltrista Corporation, appellee. On February 29, 1996, she suffered an accidental injury at her workplace. She received extensive medical treatment for her injuries, including surgery.

The Commission ordered temporary total disability benefits. These benefits terminated on June 26, 1998, because the claimant allegedly had reached maximum medical improvement.

In July 1998, claimant, through her attorney, appellant Barry R. Glazer, raised the issue of the nature and extent of her permanent disability. Claimant requested authorization for another surgery chargeable to Alltrista's compensation carrier, Travelers Insurance Company, appellee. After a September 15, 1999 hearing, the Commission ordered a medical evaluation, and set a hearing date to determine whether the requested surgery was reasonable and necessary based on that evaluation.

Shortly after this order, however, the claimant notified the Commission that the physician appointed to evaluate her could not do so, and that she had dismissed Glazer as her attorney. As a result, the Commission rescinded its order for medical evaluation, and scheduled a second hearing on the claimant's surgery request.

Arnold S. Kaplan entered his appearance as claimant's new counsel on December 31, 1999. As a result of the claimant's change in counsel, a February 2000 hearing was postponed.

On June 5, 2000, while she awaited answers regarding her surgery requests, a hearing on permanent disability, and a final award of compensation, the claimant died from causes unrelated to her compensable injury. Nancy Hood, appellant, became the personal representative of the claimant's estate.

At the time she died, the claimant had no dependents, surviving spouse, or children. The Commission never issued a final and permanent award of compensation in her case.

After the claimant's death, Glazer raised with the Commission the issue of attorney's fees.[1] With respect to attorney's fees, claimant and Glazer allegedly had agreed to a contingency fee in accordance with the workers' compensation statutory guidelines. The fee was to be 20 percent of any award to the claimant. During the four years her case was pending before

---

1. Glazer had filed a petition for fees in December 1999, before the claimant's death. The matter was not set for hearing because the claimant did not sign the fee petition, and there was no compensation award.

the Commission, the claimant had received $33,759 in temporary total benefits from Alltrista, and $2,500 in advance in permanent partial benefits. When the claimant died, she had not yet paid any attorney's fees to Glazer.

On August 28, 2000, Glazer filed a petition for attorney's fees requesting compensation "for the time and work incurred in representing the Claimant at the Workers' Compensation Commission in connection with" conferences, letters, Commission hearings and evaluation of medical matters, from March 1996 through September 1999. He requested "a fee based on 20% of the benefits" that the claimant actually had received before her death.

On November 8, 2000, Hood authorized Glazer to represent the estate in seeking a posthumous adjudication of the claimant's permanent disability. On behalf of the estate, Glazer requested a permanent disability award.

On December 18, 2000, the Commission concluded that it had "no authority to award attorney's fees[.]" It issued a January 8, 2001 order denying Glazer's petition for fees.

On February 1, 2001, Glazer filed a request for judicial review of the Commission's order on behalf of the claimant's estate and himself. In response, appellees moved to dismiss the appeal. The estate and Glazer opposed the motion, and filed a cross-motion for summary judgment in their favor. At an April 9, 2001 hearing, the Circuit Court for Baltimore City granted appellee's motion to dismiss. Glazer filed this appeal on behalf of the estate and himself.

## DISCUSSION

This dispute is about unpaid attorney's fees. Appellant Glazer performed legal work for the claimant, who died after she discharged him, but before she received the award of compensation upon which they had agreed his fees would be contingent. It requires us to construe Md.Code (1991, 1999 Repl.Vol.), sections 9–632 and 9–640 of the Labor and Employment Article ("LE"), which govern what happens to a workers' compensation award after a claimant dies of causes unrelated

to her compensable injury, as well as LE section 9–731, which limits the circumstances in which the Commission may enter an award of attorney's fees to a claimant's counsel.

Section 9–632 applies if the award was for permanent partial disability, and provides that the claimant's right to the award survives her death only if she left certain dependents:

(b) *In general.*—If a covered employee dies from a cause that is not compensable under this title, the right to compensation that is payable under this Part IV [permanent partial disability] of this subtitle and unpaid on the date of death survives in accordance with this section....

(e) *No surviving dependents or obligation to support surviving spouse.*—If there are no surviving dependents and, on the date of death, the covered employee did not have a legal obligation to support a surviving spouse, the right to compensation survives only to the surviving minor children of the covered employee.

Section 9–640 applies if the award was for permanent total disability. It contains similar limitations on the survival of the claimant's right to compensation:

(b) *In general.*—If a covered employee dies from a cause that is not compensable under this title, the right to compensation that is payable under this Part V [permanent total disability] of this subtitle and unpaid on the date of death survives in accordance with this section to the extent of $45,000, as increased by the cost of living adjustments under § 9–638 of this Part V of this subtitle....

(e) *No surviving dependents or obligation to support surviving spouse.*—If there are no surviving dependents and, on the date of death, the covered employee did not have a legal obligation to support a surviving spouse, the right to compensation survives only to the surviving minor children of the covered employee.

We are also called upon to apply rules limiting the circumstances in which the Commission may enter an attorney's fee award to the claimant's counsel. LE section 9–731 and the Commission's regulations condition any award of attorney's

fees on the existence of a final award of compensation. "Unless approved by the Commission, a person may not charge or collect a fee for ... legal services in connection with a [workers' compensation] claim[.]" LE § 9–731(a)(1)(i). The Commission has adopted regulations establishing a schedule of fees for cases in which a final award of compensation has been made for permanent partial or total disability. *See* COMAR § 14.09.01.25.B(3), -(4). "When the Commission approves a fee, the fee is a lien on the compensation award." LE § 9–731(a)(2). "Notwithstanding" such a lien, "a fee shall be paid from an award of compensation only in the manner set by the Commission." LE § 9–731(a)(3). "On application of a party, the Commission may ... hear and decide any question concerning legal services performed in connection with a claim[.]" LE § 9–731(c)(1). "An order of the Commission regulating payment ... for legal services may be enforced or appealed in the same manner as a compensation award." LE § 9–731(d).

## I.

### Appellants May Not Contend For The First Time On Appeal That The Claimant May Have Had Unknown Dependents At The Time Of Her Death

Before addressing the substance of appellants' complaint, we must resolve a preliminary issue. Appellees complain that appellants have argued for the first time on appeal that the Commission has authority to make an award of compensation in this case due to "the unlikely event that [the claimant] has unknown dependents[.]" Appellants reply that they raised the possibility of unknown dependents to the Commission, by generally filing their posthumous request to resolve the supplemental issue of the "nature and extent of permanent disability[.]" In addition, they point to a line from their pleading in circuit court stating that "[t]he controversy regarding the existence of dependents, could be determined" after the Commission ruled on the amount of disability and awarded legal fees based on that determination.

We agree with appellees that appellants may not assert that the claimant may have left unknown dependents. The general form appellants filed with the Commission does not raise any inference of possible unknown dependents, and appellants do not point to any other instance when they raised this possibility in that forum. In the circuit court, the sentence that appellants cite from the conclusion to their opposition pleading refers to a "controversy regarding the existence of dependents," but does not otherwise identify what the controversy is. A complete reading of the pleading, however, reveals that appellants did describe this "controversy" to the circuit court. Contrary to appellants' suggestion in their reply brief, the controversy was not whether any dependents might exist. Rather, appellants stated earlier in the same conclusion that "[t]he controversy is whether the ... Commission has the authority to approve attorney's fees after the death of *a claimant with no dependents.*" (Emphasis added.)

Because the survival of either dependents, a spouse, or minor children (collectively, "dependents") is essential to the survival of any compensable claim that this claimant might have had (*see infra* Part II), we understand why appellants belatedly sought to raise the prospect of "possible unknown dependents." But appellants may not raise an appellate argument that is based on factual assertions contrary to their assertions in the proceedings from which they have appealed. *See, e.g., Rivera v. Prince George's County Health Dep't,* 102 Md.App. 456, 478–79, 649 A.2d 1212 (1994), *cert. denied,* 338 Md. 117, 656 A.2d 772 (1995)(collecting cases supporting this proposition).

Even if we were inclined to consider it, we would find appellants' bald allegation that this 65 year old claimant possibly was survived by some unknown minor child an insufficient basis for the relief that they seek. Such an admittedly speculative, remote, and self-serving allegation, unsupported by any evidence raising an inference that such a dependent could exist, cannot be used as a last minute device to avoid the clear mandate of the worker's compensation laws that we shall discuss in Part II. Accordingly, we proceed to address appel-

lants' issues based on the understanding that the claimant died without any dependents.

## II.

### The Commission Could Not Make A Permanent Disability Award In Order To Award Attorney's Fees In This Case

█ Appellants argue that it would unjustly enrich the claimant's employer and its compensation carrier if Glazer's fees are charged to the claimant's estate. They point out that the Commission can make a permanent disability award after the death of a claimant, then predicate an award of attorney's fees on such a posthumous award. Appellees counter that section 9–731 and applicable Commission regulations regarding attorney's fees do not authorize the Commission to award fees without making an award of compensation to a claimant, and they dispute appellants' contention that such an award is possible in this case. In any event, they contend, "[t]he payment of attorney's fees under the workers' compensation law is the obligation and responsibility of the [c]laimant and not the Employer/Insurer."

The circuit court agreed with appellees that the appropriate remedy in these circumstances is for Glazer to make a claim directly against the estate. It reasoned that,

if he has any cause of action, ... he ha[s] it against the estate—against the folks that he represented who[m] he claims were unjustly enriched[.] ... [I]t appears to this court that this is not the correct avenue for which to receive any funds that you feel that you are rightfully entitled because .... the law doesn't provide that attorney's fees will be awarded in cases in workers' compensation unless there is an award. And [the claimant] died before there was an assessment of whether she was permanently disabled.... It's unfortunate from the Plaintiff's point of view, but I don't see where the court has any authority but to dismiss this case.

We shall affirm the circuit court, which correctly concluded that the Commission could not make a permanent disability award in order to award attorney's fees in this case. The claimant's permanent disability claim was not adjudicated before her death, either as to partial or total impairment. When she died of noncompensable causes, she had no award of compensation, and left no dependents. The consequence, under the clear language of sections 9–632(e) and 9–640(e), is that any compensable claim for permanent disability that she may have had did not survive her death.

This is neither a surprising nor an unduly harsh result. Historically, "a workers' compensation award '[has been] a personal one, based upon the employee's need for a substitute for his lost wages and earning capacity.' " *Nat'l Corp. for Hous. P'ship, Meadowood Townhouse, Inc. v. Keller,* 353 Md. 171, 178, 725 A.2d 563 (1999) (quoting 4 *Larson's Workers' Compensation Law,* § 58.42 (1998)). As the Court of Appeals has explained, sections 9–362 and 9–640 reflect the general rule that claimants are not "entitled" to have their compensable claims survive their death if there is no one "injured" by the loss of their wages. *See id.* at 174, 725 A.2d 563. "[I]t was not the intent of the 1914 Legislature [in first enacting Maryland's workers' compensation law] 'to enrich persons who were strangers to the injured party and who were not directly affected by his loss of earning capacity' or 'to create an insurance to the injured party, which upon his death would form a part of his estate.' " *Id.* at 178, 725 A.2d 563 (citation omitted). For this reason, the dependent survivors enumerated in sections 9–632(e) and 9–640(e) are the only persons who are entitled to assert a "derivative" right to any compensation award to the claimant. *See id.* at 174, 725 A.2d 563.

There is no potential to obtain an award on behalf of this claimant's estate because she is the only one who was entitled to benefit from such an award. She left no dependent survivor to suffer from the loss of her earning capacity. Applying the clear terms of sections 9–632(e) and 9–640(e), in light of their historical purpose, we agree with the circuit court and

the Commission that any award that the claimant might have obtained would not have survived her death.

For this reason, we reject appellants' contention that the Commission may make a posthumous award that, in turn, could justify a fee award (and presumably provide a fund from which to pay such fees). In these circumstances, entering a posthumous award of compensation would be transparently for the sole purpose of justifying an award of attorney's fees. That is not the purpose of our workers' compensation laws. *See id.*

Appellants' "fairness" and "quantum meruit" arguments cannot persuade us to bend the well-established rule that the Commission may not enter an award of attorney's fees unless there is a compensation award. This case offers no reason to do so. One of the bedrock principles governing attorney's fee disputes in workers' compensation cases is that

> the payment of legal fees does not become an independent obligation of the employer or his insurer, but instead remains at all times the personal responsibility of the claimant. Thus legal fees are not among the enumerated benefits available to the claimant from his employer under the work[ers'] compensation laws of this state.

*Feissner v. Prince George's County,* 282 Md. 413, 418, 384 A.2d 742 (1978).

"[O]ur cases clearly establish that, under § 9–731, the claimant remains responsible for the attorney's fees generated in pursuing his or her claim." *Engel & Engel, P.A. v. Ingerman,* 353 Md. 43, 50, 724 A.2d 645 (1999). Although an attorney's fee award by the Commission is a lien against any award that the claimant obtains from the Commission, it is not a part of the award itself. *See Chanticleer Skyline Room, Inc. v. Greer,* 271 Md. 693, 700–01, 319 A.2d 802 (1974). Consequently, the payments made by an employer and its Workers' Compensation carrier to a claimant pursuant to a compensation award do not represent payment of or reimbursement for the claimant's attorney's fees. *See Feissner,* 282 Md. at 418–19, 384 A.2d 742. Because a compensation

award does not contemplate that the employer or its carrier must pay the claimant's attorney's fees, the "death" of a compensable claim as a result of the claimant's death from noncompensable causes does not result in any "windfall" to the employer or its compensation carrier.

**JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANTS.**