O’CONNELL, Justice.
In this case the employer, Dade County Board of Public Instruction, together with its carrier, Bituminous Casualty Corporation, petitions for writ of certiorari to review an order of the Florida Industrial Commission affirming an order of a deputy commissioner awarding workmen’s compensation benefits to the respondent-claimant, Anthony Pazienza.
Claimant sustained an industrial accident wherein he twisted his back. Petitioners paid him compensation benefits on a basis of temporary total disability. On October 19, 1959, the attending physician informed petitioners the claimant would be able to return to his former occupation on December 1, 1959. Petitioners accordingly ceased paying compensation for temporary total disability on December 1, 1959.
Claimant then made claim for additional temporary total and for permanent partial disability compensation benefits.
A hearing was held with the claimant and a private employment counselor testifying. The deputy also considered the deposition of claimant’s attending physician, together with his reports. This doctor reported that, despite his first opinion, claimant did not reach maximum medical improvement until February 1, 1960. He expressed the opinion the claimant had sustained a 10 per cent permanent disability of the body as a whole because of his industrial accident, which had necessitated surgery for the removal of an intervertebral disc.
The employment counselor testified upon hypothetical questions propounded to him that at the time of the hearing there were jobs available to the claimant, giving consideration to his functional disability, the *570 wage scale for which ranged from $1.25 to $1.75 an hour.
It was brought out before the deputy that at the time of his injury claimant was making $1.43 an hour.
The deputy entered an order wherein he found the claimant was entitled to additional compensation for temporary total disability for the period from December 1, 1959 until February 1, 1960. That portion of his order was never attacked by petitioner.
The deputy also found “that as result of the injury claimant has ten per cent (10%) permanent disability of the body as a whole, entitling him to compensation for 35 weeks beginning February 1, 1960.”
He then stated in his order that claimant contended he should have “a greater disability rate for economic loss” because he was unable to find employment; the deputy concluded “that claimant is not entitled to any additional disability rating due to any economic loss at the time of the hearing.”
Petitioners sought review by the commission of that portion of the order. They asserted the deputy had erred in failing to find whether or not claimant had sustained a loss of wage earning capacity and that there was no competent substantial evidence that in fact he had. The application for review stated “from aught that appears in the order, the Deputy Commissioner improperly assumed that 10% physical functional impairment measures claimant’s ‘disability’ as such term is defined in the act.”
Upon review the commission remanded the cause to the deputy for the entry of a proper order containing adequate findings of fact.
The deputy entered a new order, finding it unnecessary to conduct further hearings. He again ruled claimant should receive additional compensation for temporary total disability. He recited the attending physician’s finding that claimant had sustained a 10% permanent disability of the body as a whole. He also referred to the employment-counselor’s testimony as to work available to claimant with a wage scale of from $1.25 to $1.75 an hour, and he found that as of the time of the accident claimant was earning $1.43 an hour. The deputy then stated :
“Considering all of the testimony, taking into consideration the claimant’s age, previous experience, station he had reached in life, I find that the claimant has not sustained an economic loss greater than the 10% functional disability as result of said injury. The placement expert testified that there were jobs available beginning at the rate of $1.25 an hour, up to $1.75; that he did not know how much time the claimant would lose from work in any of the positions because of his physical handicap, which was 10% functional disability. If starting work at $1.25 an hour, the claimant would clearly have sustained 10% economic loss.
“I find that the claimant, because of his injuries, sustained in the accident of October 21, 1958, has 10% permanent disability of the body as a whole, based upon functional disability and economic loss, and is entitled to compensation for 35 weeks at $34.22 per week, said compensation to begin as of February 1, 1960.”
. Petitioners again applied to the commission for a review. Therein they asserted the deputy once more had failed to find whether claimant had sustained a diminution of earning capacity due to the accident. They asserted there was no competent substantial evidence to support an award of compensation for permanent partial disability and attacked the deputy’s use of the term “economic loss.” They again urged the deputy had presumed the 10% functional disability in itself supported an award of permanent partial disability compensation benefits.
The commission entered its order affirming the deputy, merely stating there was competent substantial evidence according with logic and reason to support the award. *571 The commission ordered the payment of an attorney’s fee of $325.00 to claimant’s attorneys for their services on the review before the commission.
In these proceedings petitioners argue the deputy’s finding the claimant had not sustained “an economic loss greater than the 10% functional disability” reflects he was under the presumption that proof of the functional loss warranted an award of compensation benefits equal thereto without proof of a loss of wage earning capacity.
However much we might be inclined to agree with this argument, in light of the history of these proceedings before the deputy and the commission, we find it unnecessary to rule thereon in this case.
In our opinion there was before the deputy no competent substantial evidence according with reason and logic to sustain the award of compensation benefits for permanent partial disability. The clear effect of his order was a finding that there was available to claimant employment at a rate of from $1.25 to $1.75 an hour; the deputy specifically found claimant was making $1.-43 an hour when he was injured. The deputy then stated that “if starting work at $1.25, the claimant would clearly have sustained 10% economic loss.”
This observation by the deputy should not have been permitted to color his award. It is indeed true that if claimant was only successful in obtaining work at the minimum of $1.25 an hour, he would suffer a loss of wages. But the fact remains it was established before the deputy that claimant had the capacity to earn wages at a rate up to a rate of $1.75 an hour; further, it was established that jobs at $1.75 an hour were available. The deputy made no finding claimant was unable to perform such employment. It seems to us that inherent in the deputy’s order was the finding that claimant could perform such employment and the employment was available. Actually, the deputy did not make a finding that claimant was able to perform only those jobs paying $1.25 an hour, although it would appear his reasoning was based upon such an assumption.
As we have said previously, a workmen’s compensation claimant is compensated for loss of wage earning capacity, not for loss of wages or for mere functional disability. Horace Z. Brunson Plumbing & Heating Company v. Mellander, Fla.1961, 130 So.2d 273.
No other finding of fact was made by the deputy which would warrant the award for permanent partial disability. Accordingly, that portion of the deputy’s order must be reversed.
We are also asked by the petitioners to consider the issue of attorney’s fees for services rendered to claimant before the commission.
Petitioners concede that claimant was entitled to an award of attorney’s fees in the proceedings before the deputy, for he was successful in obtaining an award of additional compensation for temporary total disability, which award need not be disturbed. They argue, however, that no attorney’s fees award should now be made for the claimant’s attorneys for services rendered before the commission on its review of the case. They argue that that review was confined solely to the issue of whether or not compensation benefits were in order for permanent partial disability. Hence, they say, if this Court quashes that award, there should be no attorney’s fee awarded by the commission.
Claimant contends that even if we quash the award as to the permanent partial disability, we should permit the award of an attorney’s fee in the proceedings before the commission for the reason the attorney was nevertheless successful in upholding the award for additional temporary total disability benefits. It is true that even after this review of the case by us, the claimant will retain that award.
Petitioners’ application for review by the commission was limited to the issue of compensation for permanent partial dis *572 ability and it appears that the proceedings before the commission were so limited. The award of additional temporary total disability benefits was never questioned by the petitioners in any way. As far as the commission was concerned, the claimant’s attorneys were successful in upholding before it the award for permanent partial disability and hence under F.S. § 440.34 F.S.A., the commission was authorized to award an attorney’s fee as it did. By our order, however, we are quashing that award and the award of an attorney’s fee must fall therewith.
Accordingly, the petition for certiorari is hereby granted and the order of the commission, insofar as it affirmed the award of benefits for permanent partial disability and made an award of attorneys’ fees for services rendered to claimant by his attorneys before the commission is hereby quashed. The cause is remanded for further proceedings consistent with this opinion; the commission must affirm in part and reverse in part the order of the deputy commissioner.
It is so ordered.
ROBERTS, C. J., and TERRELL, THOMAS and HOBSON, JJ., concur.