REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 2277

September Term, 2013

ALEATHEA BRUNSON

v.

UNIVERSITY OF MARYLAND
MEDICAL SYSTEM CORPORATION

Graeff,
Berger,
Friedman,

JJ.

Opinion by Graeff, J.

Filed: February 2, 2015

*Judge Kevin F. Arthur did not participate, pursuant to Md. Rule 8-605.1, in the Court's decision to report this opinion.

This appeal involves the right to attorney's fees in a worker's compensation case that the parties have described as having a "torrid history." Specifically, the case involves the right to attorney's fees when: (1) an initial award for temporary total disability is rescinded; and (2) a subsequent award for permanent partial disability results in no compensation to the claimant because the award is offset by a credit for payment of the invalidated initial award.

This appeal is brought by Aleathea Brunson, appellant, who injured her back during her employment with the University of Maryland Medical System Corporation ("UMMSC"), one of the appellees. She appeals the order of the Circuit Court for Baltimore City, which affirmed the decision of the Maryland Workers' Compensation Commission (the "Commission"), also an appellee, denying her request for attorney's fees.

On appeal, Ms. Brunson raises three questions for our review,[1] which we have rephrased as follows:

---

[1] Appellant's "Questions Presented for Review" are as follows:

I.      Whether the Commission committed reversible legal error when it failed to enforce the charging lien that can be extinguished only through payment to counsel?

II.     Whether the Commission should have awarded penalties and fees for failure to satisfy the charging lien upon conclusion of the appeal to circuit court?

III.    Whether the Commission erred when it failed to award counsel fees, reimbursement for incurred expenses, and reimbursement for a doctor fee pursuant to the award of compensation for permanent partial disability?

1.	Did the Commission err in declining to enforce an award of attorney's fees when the decisions granting the award subsequently were rescinded and annulled?

2.	Did the Commission err in declining to award penalties and fees for failure to pay the attorney's fees upon conclusion of the appeal to circuit court?

3.	Did the Commission err when it failed to award counsel fees, reimbursement for incurred expenses, and reimbursement for a doctor fee pursuant to the award of compensation for permanent partial disability?

For the reasons that follow, we shall affirm the judgment of the circuit court.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 9, 2010, Ms. Brunson sustained a "lifting injury" to her back while working as a patient care technician for UMMSC. Ms. Brunson filed a claim with the Commission, and on April 8, 2011, the Commission held a hearing on the issues of temporary total disability, authorization for medication treatment, and payment of medical expenses. The Commission found that, as a result of Ms. Brunson's accidental injury, she was temporarily totally disabled from December 30, 2010, to the time of the hearing and continuing. It authorized physical therapy that had been performed, as well as a new course of physical therapy, as recommended by Ms. Brunson's doctor. It also authorized an EMG and an MRI to Ms. Brunson's back, and it authorized payment of outstanding medical bills.

On May 3, 2011, the Commission ordered that UMMSC, a self-insured employer, pay Ms. Brunson temporary total disability at the rate of $432 per week, "beginning December 30, 2010 to present and continuing, so long as [she] remained temporarily totally disabled as

a result of [the] claim." It further ordered that, "from the compensation herein awarded, James A. Lanier, attorney for claimant, is allowed a lump sum counsel fee in the amount of $756.00." Pursuant to the order, temporary total disability benefits were paid through July 13, 2011.

On November 9, 2011, the Commission held another hearing on Ms. Brunson's claim regarding temporary total disability, authorization for medical treatment, payment of outstanding medical expenses, and attorney's fees and penalties. On November 28, 2011, the Commission ordered, *inter alia*, that UMMSC pay additional compensation for temporary total disability at the rate of $432 per week, from "July 14, 2011 to present and continuing, so long as [she] remained temporarily totally disabled as a result of [the] claim." It further ordered that, "from the compensation herein awarded, James A. Lanier, attorney for claimant, is allowed a lump sum counsel fee in the amount of $842.40."

Pending appeal of the Commission's orders, UMMSC paid Ms. Brunson weekly temporary total disability benefits at the rate of $432 per week, for a total of $30,554.74, for the period of December 30, 2010, through June 2, 2012. The payment of the attorney's fees awards was stayed during the pendency of the appeals, and the total awarded amount of $1,598.40 was held in escrow pending a final determination.

On December 12 and 13, 2012, the appeals brought by UMMSC were tried together before a jury in the Circuit Court for Baltimore County. The jury partially reversed the Commission's May 3, 2011, and November 28, 2011, decisions. It found that Ms. Brunson

"was not temporarily and totally disabled from December 20, 2010 forward," and Ms. Brunson's "EMG, MRI of the back and pain management were not reasonable, necessary and causally related to the accidental injury of September 9, 2010." The jury affirmed the Commission's decision of May 3, 2011, that physical therapy was "reasonable, necessary and causally related to the accidental injury." On December 14, 2012, based on the jury's verdict, the Circuit Court for Baltimore County ordered that the Commission's decisions of May 3, 2011, and November 28, 2011, "be rescinded and annulled," and that the case be remanded to the Commission "for the entry of new Orders consistent with the jury's verdict."

On March 5, 2013, in accordance with the circuit court's order, the Commission ordered that the May 3, 2011, and November 28, 2011, Commission orders "are hereby RESCINDED and ANNULLED." It ordered that the matter would be reset for hearing only upon request.

On May 15, 2013, the Commission held another hearing to address Ms. Brunson's claim of permanent partial disability as a result of the accidental injury, as well as attorney's fees. Counsel for UMMSC asserted that it was seeking a $30,554.74 credit against any future benefits awarded, based on the temporary total disability benefits that had been paid pursuant to an award that subsequently was rescinded and annulled.

With respect to attorney's fees, counsel for Ms. Brunson argued that he was entitled to the $1,598.40 attorney's fees awarded in the prior two awards, asserting that the "lien of the attorney's fees still survives," even though the prior orders were rescinded. He argued

-4-

that, once attorney's fees are "determined by the Commission, it is a lien. That lien is not exhausted at all, ever, until paid to the attorney. The lien attaches when awarded and it is not abated by appeal." He also asserted that, because UMMSC had not paid him the attorney's fees it owed him, the Commission could, in its discretion, award "fees and penalties on the nonpayment of the attorney fees." Counsel further argued that, if the court found permanent partial disability and awarded attorney's fees, that would be a lien that would attach "before any credit that would be paid or taken by the employer." Mr. Lanier did not argue that the Commission should award doctor's fees and expenses.

On May 21, 2013, the Commission issued the following order:

1.  TEMPORARY TOTAL DISABILITY: The employer and insurer are entitled to a credit for overpayment of temporary total disability in the amount of $30,554.74. . . .

2.  PERMANENT PARTIAL DISABILITY: Under "Other Cases" amounting to 15% industrial loss of use of the body, 10% is reasonably attributable to the accidental injury to the back and 5% is due to pre-existing conditions to the back; at the rate of $142.00, payable weekly, beginning at the end of compensation previously paid, for a period of 50 weeks, subject to a credit for overpayment of temporary total disability in the amount of $30,554.74 (permanency total is $7,100.00, leaving a credit balance of $23,454.74).

3.  ATTORNEY FEES: The Orders of this Commission dated May 3, 2011 and November 28, 2011 were rescinded and annulled per the Order dated March 5, 2013; therefore, the payment of attorney fees previously awarded totaling $1,598.00 is denied.

The Commission did not award any penalties, and it stated that "[n]o attorney fees or reimbursement of expenses are allowed under this Order."

-5-

On June 3, 2013, Ms. Brunson, by counsel, petitioned for judicial review in the Circuit Court for Baltimore City. On December 10, 2013, the court held a hearing. Counsel for Ms. Brunson asked the court to remand the case to the Commission to enforce the payment of the previously awarded $1,598.40 in attorney's fees and to determine whether attorney's fees should be awarded on the $7,100 award for permanent partial disability compensation.[2] He also indicated that he had raised a third issue in his petition relating to penalties, but he acknowledged that, "obviously, if there's no fee to be paid, there's no penalty."

Counsel for UMMSC and the Commission argued that the court should affirm the Commission's decision with respect to the $1,598.40 initial award because the initial orders were rescinded and annulled, and therefore, the attorney's fees award was "completely vacated." With respect to any fee for the permanency award, counsel argued that the statutory scheme permitted a percentage of the "amount due," and because the credit resulted in no "amount due" to the claimant, the Commission was legally correct in finding that no fee applied.

On December 16, 2013, the court issued an order affirming the Commission's decision regarding attorney's fees, finding as follows:

> **FOUND** that the decisions of the Workers' Compensation Commission
> . . . dated May 3, 2011, and November 28, 2011, were voided by the Remand

---

[2] Mr. Lanier acknowledged that, although the petition was brought "ostensibly for Ms. Brunson," he was appearing "more along the lines of being the Petitioner." *See Mayor & City Council of Baltimore v. Bowen*, 54 Md. App. 375, 385 (1983) ("[A] claimant's attorney may . . . appeal the amount of fee established or approved by the Commission.").

Order of the Circuit Court for Baltimore County dated December 14, 2012; and it is further

> **FOUND** that on May 21, 2013, the [Commission] correctly decided that the lien created pursuant to [Md. Code (2008 Repl. Vol.) § 9-731 of the Labor & Employment Article ("LE")] for attorney's fees of $1,598.00 was extinguished by the Remand Order of the Circuit Court for Baltimore County dated December 14, 2012; and it is further

> **FOUND** that on May 21, 2013, the [Commission] ordered an award of $7,100 for permanent partial disability to the Petitioner and such award was completely offset by a credit for prior overpayment of an award for temporary total disability; and it is further

> **FOUND** that on May 21, 2013, the [Commission] correctly disapproved attorney's fees in conjunction with the award for permanent partial disability since such award was completely offset by the aforementioned credit, leaving no fund from which to satisfy any claim for fees.

(Footnotes omitted). This appeal followed.

## DISCUSSION

On appeal, counsel for Ms. Brunson continues with his assertion that the Commission erred in failing to order payment of attorney's fees. In support, he makes three contentions. First, he asserts that the Commission erred in "failing to enforce the initial attorney's fees ordered pursuant to the initial orders," even though these orders subsequently were rescinded and annulled. Second, he contends that the Commission erred in declining to award penalties and fees for failure to pay the attorney's fees upon conclusion of the appeal to the circuit court. Third, he argues that the Commission erred when it failed to award counsel fees, reimbursement for incurred expenses, and reimbursement for a doctor fee pursuant to the award of compensation for permanent partial disability. As explained below, we disagree.

-7-

# I.

## Standard of Review

In workers' compensation cases, attorneys "may not charge or collect a fee for . . . legal services in connection with a claim" unless the fee is approved by the Commission. LE § 9-731(a)(1)(i). *See also Mayor & City Council of Baltimore v. Bowen*, 54 Md. App. 375, 383 (1983) ("[T]he setting of attorneys' fees [is] within the control of the . . . Commission.). Because "the Commission is vested with the authority to set counsel fees, 'it is not the province of the courts to constrain the legitimate exercise of the [C]ommission's discretion.'" *Rogers v. Welsh*, 113 Md. App. 142, 144 (1996) (quoting *Edmond v. Ten Trex Enters., Inc.*, 83 Md. App. 573, 577-78 (1990).

Here, however, the issue is not the amount of the fee awarded, but rather, whether any fee was warranted under the circumstances of the case. Thus, we must determine, as a matter of law, whether the Commission properly determined that Ms. Brunson's attorney was not entitled to attorney's fees. In this regard, however, we note that "[r]eviewing courts should give special deference to an agency's interpretation of its own regulations because the agency is best able to discern its intent in promulgating those regulations." *Kim v. Md. State Bd. of Physicians*, 196 Md. App. 362, 372 (2010), *aff'd*, 423 Md. 523 (2011).

## II.

## Attorney's Fees in Worker's Compensation Cases

In *Engel & Engel, P.A. v. Ingerman*, 353 Md. 43 (1999), the Court of Appeals explained that the worker's compensation statutory scheme was

> "designed to protect workers and their families from hardships inflicted by work-related injuries. More particularly, it is designed to provide workers with compensation for loss of earning capacity resulting from accidental injury, disease or death arising out of and in the course of employment, to provide vocational rehabilitation, and to provide adequate medical services."

*Id.* at 51 (quoting *Queen v. Agger*, 287 Md. 342, 343 (1980)). In light of that goal, the legislature sought to regulate attorney's fees, noting that the party seeking compensation – the claimant – is responsible for his or her own attorney's fees. *Id.* Because worker's compensation law is designed to provide financial assistance to the injured worker in lieu of lost wages, "the legislature recognized that the purpose of the law would be subverted if a worker's recovery," which did not include "'any padding to take care of legal and other expenses incurred in obtaining the award,'" were dissipated as a result of excessive fees incurred in recovering the compensation. *Id.* at 51-52 (quoting 3 ARTHUR LARSON, LARSON'S WORKMEN'S COMPENSATION LAW § 83.11, at 15-1271 (1989)). Consequently, the legislature authorized the Commission to adopt appropriate safeguards, thereby giving the Commission the power to regulate "'when and how much remuneration an attorney who represents a claimant . . . is to receive from the employee for legal services rendered to him.'" *Id.* at 52 (quoting *Chanticleer Skyline Rm. v. Greer*, 271 Md. 693, 699-700 (1974)).

The Court also recognized that, although "claimants must be protected from exorbitant legal fees, there also exists a need to ensure that workers are able to obtain competent counsel to pursue their claims." *Id.* at 53. Therefore, although fees "should not be so large as to be excessive . . . they also should not be so low as to make representing claimants undesirable to the legal practitioner." *Id.* To balance the need to protect claimants from excessive legal fees against the need of workers to retain competent counsel, the legislature delegated to the Commission, an administrative agency with special expertise in worker's compensation law, the authority over attorney's fees in worker's compensation cases, including the power to promulgate rules governing such fees. *Id.* at 53-54.

The issue of attorney's fees is addressed in LE § 9-731, as follows:

(a)(1) Unless approved by the Commission, a person may not charge or collect a fee for:(i) legal services in connection with a claim under this title;

*** 

(2) When the Commission approves a fee, the fee is a lien on the compensation awarded.
(3) Notwithstanding paragraph (2) of this subsection, a fee shall be paid from an award of compensation only in the manner set by the Commission.

The Code of Maryland Regulations ("COMAR") 14.09.04.03 sets forth a schedule of fees, establishing maximum amounts for attorney's fees based on the extent of the disability and the amount of the award. For example, an attorney's fee for a final award of temporary total disability may not exceed "10 percent of the compensation that has accrued as of the

-10-

date of the award." COMAR 14.09.04.03(B)(5). With respect to a final award of compensation for permanent partial disability:

> [T]he Commission may approve an attorney's fee in a total amount not exceeding 20 times the State average weekly wage and computed as follows:
>     (i) Up to 20 percent of the amount due for the first 75 weeks of an award of compensation awarded;
>     (ii) Up to 15 percent of the amount due for the next 120 weeks of an award of compensation; and
>     (iii) Up to 10 percent of the amount due for an award of compensation in excess of 195 weeks.

COMAR 14.09.04.03(B)(3)(a).

Relevant to this case, we note that attorney's fees are available only for a "final award." The regulations define a "final award" as the "award of compensation determined by the Commission after exhaustion of all applicable appeals, regardless of whether the award is increased or decreased as a result of any appeal." COMAR 14.09.04.03(B)(1)(b)(i).[3] We further note that this Court has made clear that the fee schedule in COMAR "does not represent an *entitlement* to a specific amount of attorney's fees, but merely establishes the *maximum* fee that will be permitted." *Workers' Comp. Comm'n v. May*, 88 Md. App. 408, 417 (1991).

_____

[3] Code of Maryland Regulations 14.09.04.03(C)(1) provides: "Absent exceptional circumstances, the Commission may not approve an attorney's fee in a case in which it is determined that the claimant is not entitled to any compensation or benefits." There is no claim for exceptional circumstances in this case.

## III.

## Attorney's Fees Pursuant to a Rescinded and Annulled Award

Counsel for Ms. Brunson first contends that the Commission committed reversible error by not enforcing his charging lien for the attorney's fees initially awarded by the Commission. He asserts that the statutory scheme governing attorney's fees is designed "to protect attorneys" who represent claimants before the Commission. He recognizes that the lien "represents a portion of the *claimant's award* to which the attorney is entitled for his services and skills," as opposed to being "additional to the award of compensation." He asserts, however, that "[o]nce a charging lien is established, release of the fees to the attorney is the only way to extinguish the lien," regardless of the outcome of a claimant's appeal.

UMMSC contends that the "Commission properly exercised its discretion in declining to enforce the payment of previously awarded attorney's fees under the May 3, 2011 and November 28, 2011 Commission decisions where the decisions had been previously rescinded and annulled." It asserts that, contrary to Ms. Brunson's counsel's contention that the purpose of the attorney's fees provision of LE § 9-731 is to protect attorneys, the "'primary objective behind the attorney's fee provision is to afford workers some degree of protection that their compensation will not be unduly diminished by excessive costs associated with obtaining recovery.'" (Quoting *Engel*, 353 Md. at 53). Thus, it asserts, the statutory scheme permits an attorney's fee to be awarded only where the Commission grants indemnity benefits to an injured worker. Here, where the orders granting Ms. Brunson

-12-

indemnity compensation were rescinded and annulled, UMMSC argues that the attorney's fee liens created by these orders also were extinguished.

The Commission agrees with this analysis. It contends that, although the attorney's fee lien "properly attached when the Commission orders approving the lien were issued, once those orders were rescinded by the circuit court and there was no compensation to the claimant, the lien was effectively abated [and reduced to zero] by rendering the award a nullity." Because the initial Commission orders were rescinded and annulled, "there [was] no compensation award from which to pay attorney's fees consistent with the Commission's now-void order."

We begin with Ms. Brunson's attorney's argument that the initial orders, awarding $756 and $842.50 in attorney's fees, constituted a charging lien. We agree with that proposition. *See* LE § 9-731(a)(2) ("When the Commission approves a fee, the fee is a lien on the compensation awarded.); *Rhoads v. Sommer*, 401 Md. 131, 148-49 (2007) (A common law charging lien bound a judgment recovered through the attorney's efforts.); *Ashman v. Shecter*, 196 Md. 168, 174 (1950) (A charging lien is based upon the principle that "an attorney, as a recognized officer of the court, should be paid his fees and expenses out of any judgment obtained as the result of his labor and skill.").

We disagree, however, with Ms. Brunson's counsel's argument that, "[o]nce a charging lien is established, release of the fees to the attorney is the only way to extinguish the lien." In making that assertion, counsel cites *Staley v. Board of Education*, 308 Md. 42,

-13-

48 (1986), for the proposition that the "escrow account and the lien on the funds therein remain in existence until the attorney receives his due compensation." The question in this case, however, is what constitutes counsel's "due compensation," given that the orders that were the basis for the lien were rescinded and annulled.

As a general matter, "charging liens were created for the purpose of securing an attorney's interest in final *judgments and awards*." *Consol. Const. Servs., Inc. v. Simpson*, 372 Md. 434, 462 (2002). *Accord Rochlin v. Cunningham*, 739 So. 2d 1215, 1217 (Fla. Dist. Ct. App. 1999) (a charging lien for an attorney's services attaches only "'to the tangible fruits of the [attorney's] services'") (quoting *Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, PA*, 517 So. 2d 88 (Fla. Dist. Ct. App. 1987), *review denied*, 770 So. 2d 160 (Fla. 2000); *Cole, Schotz, Bernstein, Meisel & Forman, P.A. v. Owens*, 679 A.2d 155, 158 (N.J. Super. Ct. App. Div. 1996) ("Where there is no recovery, there is nothing to which the attorney's lien can attach."); *Chadbourne & Parke, LLP v. AB Recur Finans*, 794 N.Y.S.2d 349, 350 (N.Y. App. Div. 2005) ("A charging lien is a security interest in the favorable result of litigation.)*; Howell v. Howell*, 365 S.E.2d 181, 183 (N.C. Ct. App. 1988) ("A charging lien is not available until there is a final judgment or decree to which the lien can attach."). Accordingly, if a favorable judgment is reversed, any lien attached to the judgment necessarily would be extinguished.

Although no case has specifically reached this conclusion in a worker's compensation case in Maryland, language in another case suggests this result. In *Feissner v. Prince*

*George's County*, 282 Md. 413, 418-19 (1978), the Court of Appeals observed that the

statutory lien upon a compensation award "does not represent a statutory right in the attorney

to remuneration for legal services, but merely places a charge upon the compensation award

as security for the legal fee owed by the claimant and approved by the Commission."

In that case, the claimant's worker's compensation award was extinguished due to

superior benefits paid from a governmental pension fund. *Id.* at 414. The Court concluded

that the effect of the offset was to prevent an award of compensation altogether. *Id.* at 421.

Accordingly, the Court held that, "because the offset provision operates to satisfy and

discharge in full the [workers'] compensation liability of the employer, there comes into

existence no fund on which the attorney's lien . . . can attach or from which payment of legal

fees can be compelled." *Id.*

Although the issue here, at least with respect to temporary total benefits, is different,

the reasoning is analogous. Attorney's fees are permitted only upon an award payable

pursuant to the worker's compensation statutory scheme.

Here, because the initial award of temporary total disability was rescinded and

annulled, there was no final award of compensation in that regard. Accordingly, there was

no award on which the attorney's lien could attach.[4]

_____

[4] Courts in other jurisdictions similarly have held that, where a compensation award
is reversed on appeal, the attorney's fees award also should be reversed. *See Norcon Inc. v.
Alaska Workers' Comp. Bd.*, 880 P.2d 1051, 1056-57 (Alaska 1994) (where awards of the
workers' compensation board and the lower court were reversed, attorney's fees awards must
(continued...)

*Hoffman v. Liberty Mutual*, 232 Md. 51 (1963) and *Staley*, 308 Md. at 49, upon which counsel for Ms. Brunson relies, are distinguishable. In those cases, the compensation award was reduced on appeal. Although the Court of Appeals stated that the amount of the fee award may be reduced in light of the modified compensation award, *Staley*, 308 Md. at 48 n.6, it held that the insurers could not withhold the attorney's fee retained in escrow to satisfy an overpayment to the claimant. *Staley*, 308 Md. at 49; *Hoffman*, 232 Md. at 56-57.

These cases are inapposite to this case, where the compensation award was not reduced on appeal, but rather, it was rescinded and annulled. Given the circumstances here, where the award of temporary total disability benefits was rescinded and annulled, the Commission properly declined to enforce the $1,598.40 award for attorney's fees.

## IV.

## Penalties

Ms. Brunson's attorney next contends that the Commission committed reversible error in failing to assess penalties against UMMSC for its failure to pay the attorney's fees it owed

---

[4](...continued)
also be reversed); *Stucco Plus, Inc. v. Rose*, 938 S.W.2d 556, 561 (Ark. 1997) (because employer's liability for attorney's fees limited to amount of benefits awarded, where amount of benefits awarded reversed, attorney's fees award also reversed); *Dade County Bd. of Public Instruction v. Pazienza*, 137 So.2d 569, 571-72 (Fla. 1962) (award of attorney's fee for services of claimant's attorney in securing permanent partial disability compensation must fall with order reversing award of such compensation); *Longview Inspection v. Snyder*, 50 P.3d 1201, 1205-06 (Or. Ct. App. 2002) (although claimant prevailed before ALJ and workers' compensation board, after appeals court reversed, award of attorney's fees also reversed, as claimant did not "finally" prevail).

to him. He notes that LE § 9-728 permits the Commission to impose penalties against an employer for failing to pay an award of compensation within a set time frame, and he contends, as asserted in the previous argument, that the "$1,598.50 total compensation that was escrowed has never been paid."

UMMSC responds that the Commission will award a penalty only where it finds that the employer or its insurer failed to make payment on the award "without good cause." It contends that "the Commission properly exercised its discretion in declining to award penalties and fees for non-payment of attorney's fees where there was no legally enforceable, final Commission order for attorney's fees."

The Commission argues that Ms. Brunson failed to preserve the issue of penalties for appellate review because she did not raise this issue before the Commission. In any event, it argues that, "[i]n the absence of a legally enforceable Commission order to award attorney's fees, there can be no claim for an award of penalties for failing to pay the fees timely."

Initially, it appears the issue is preserved. Contrary to the Commission's argument on appeal, counsel for Ms. Brunson did argue to the Commission that, because UMMSC had not paid him the attorney's fees it owed him, the Commission could, in its discretion, award "fees and penalties on the nonpayment of the attorney fees."

The argument regarding penalties, however, is without merit. LE § 9-728 addresses penalties for non-payment of an attorney's fees award. It provides:

(a) If the Commission finds that an employer or its insurer has failed, without good cause, to begin paying an award within 15 days after the later of the date that the award is issued or the date that payment of the award is due, the Commission shall assess against the employer or its insurer a fine not exceeding 20% of the amount of the payment.

(b) If the Commission finds that an employer or its insurer has failed, without good cause, to begin paying an award within 30 days after the later of the date that the award is issued or the date that payment of the award is due, the Commission shall assess against the employer or its insurer a find not exceeding 40% of the amount of the payment.

(c) The Commission shall order the employer or insurer to pay a fine assessed under this section to the covered employee.

Here, Ms. Brunson's counsel acknowledged in the circuit court that, if no attorney's fees were payable, "there's no penalty." We agree. Because, the Commission properly determined that the lack of a final compensation award for temporary total disability resulted in no viable attorney's fees claim, the Commission also properly declined to award penalties for the failure to pay attorney's fees. There was no error in this regard.

**V.**

**Permanent Partial Disability Award**

Ms. Brunson's last contention is that the Commission erred in "failing to consider an award of counsel fees, reimbursement of expenses and a doctor's fees as part of the compensation awarded for [her] permanent partial disability." She asserts that, at "the time of the hearing, claimant and claimant's counsel properly filed a consent form to pay counsel fees, to reimburse incurred expenses, and to pay the outstanding doctor fee, along with supporting documentation," but despite the Commission's finding that she was entitled to additional compensation, it failed to consider her request for those fees. In her view, the

-18-

credit she received for the $7,100 award of permanent partial disability, based on the overpayment of temporary total disability, should "not alleviate the requirement to pay [a]ppellant's counsel or her physician." Ms. Brunson, by her attorney, asserts that the overpayment based on the initial award "should not penalize those who provided their skill and expertise to the benefit of the claimant."

UMMSC responds that the Commission properly declined to award attorney's fees where there was no compensation payable to Ms. Brunson because the May 21 award "was subject to the credit of the Self-Insuring Employer for overpaid temporary total disability benefits." It argues that, similar to the Court's holding in *Feissner*, 282 Md. at 421, where there was no "in-pocket monetary compensation to be paid to the Claimant," there was no fund "from which the Commission could approve a fee for the Claimant's attorney." The Commission similarly argues that it had no legal authority to approve any fee to Ms. Brunson's attorney where no benefits were paid to Ms. Brunson for permanent partial disability. [5]

---

[5] With respect to the doctor's fee for preparing a permanent impairment report, UMMSC asserts that this is the responsibility of the claimant, pursuant to COMAR 14.09.04.02. We will not review the claim that the Commission should have awarded a fee for the doctor because Ms. Brunson did not make that argument during the hearing before the Commission. *See Motor Vehicle Admin. v. Shea*, 415 Md. 1, 15 (2010) ("[I]t is settled law in Maryland that a court ordinarily 'may not pass upon issues presented to it for the first time on judicial review and that are not encompassed in the final decision of the administrative agency.'") (citations omitted).

As indicated, when a final award of compensation is made for permanent partial disability, the Commission *may* approve an attorney's fee, up to the specified amounts, for the "amount due" under an "award of compensation." COMAR 14.09.04.03. Here, there was no actual amount due to Ms. Brunson, given the offset for the overpayment made pursuant to the initial award of total temporary disability. Accordingly, similar to *Feissner*, 282 Md. at 421, where there was no actual amount due, given an offset due to another payment, there was no fund to which the attorney's fee could attach. Accordingly, the Commission properly declined to award attorney's fees for permanent partial disability.

**JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANT.**