REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 1871

September Term, 2014

_____

PRINCE GEORGE'S COUNTY,

MARYLAND, ET AL.

v.

FREDERICK MINOR

_____

Kehoe,
Leahy,
Kenney, James A., III
   (Retired, Specially Assigned),

JJ.

_____

Opinion by Kenney, J.

_____

Filed: March  29, 2016

Appellant, Prince George's County ("the County"), appeals the decision of the Circuit Court for Charles County that reversed the decision of the Worker's Compensation Commission ("the Commission") regarding the payment of attorney's fees to the attorney for appellee Frederick Minor ("Mr. Minor.").

The County presents a single question for our review:

> Whether the circuit court erred when it determined that the County is responsible for payment of Mr. Minor's attorney's fees?

For the reasons that follow, we shall reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

On September 3, 2008, Mr. Minor, a deputy sheriff with the Prince George's County Police Department, filed a claim for workers' compensation stemming from an injury he sustained when his right middle-finger became caught in his canine partner's collar and twisted sideways. The Commission, on October 15, 2008, found that he "sustained an accidental injury . . . arising out of and in the course of employment on 7/08/2008 and that the average weekly wage was $1,500.00 and that the nature and extent of the disability sustained, if any, [could not be] determined at [that] time." A hearing on the nature and extent of disability was held, and the Commission, on December 8, 2009, entered the following award:

> Disability leave in lieu of temporary total disability from November 7, 2008 to November 28, 2008 inclusive; based on an average weekly wage of $1,500.00 for an accidental injury sustained on July 8, 2008.
> PERMANENT PARTIAL DISABILITY: Resulting in 20% loss of use of the right hand, due to the accident of July 8, 2008; at the rate of $293.00, payable weekly, beginning November 29, 2008 for a period of 50 weeks.

In the award, the Commission noted that "No Claimant's Consent to Pay Attorney Fee and Doctor Fees [was] Submitted."

Mr. Minor's counsel wrote the Commission on December 7, 2009, and "attached Claimant's Consent to Pay Attorney Fee and Doctor Fee which was mistakenly not turned in at the time of the hearing." The consent form, signed by Mr. Minor on December 8, 2009, certified that counsel had "explained to [him] the amounts allowable by the Commission as counsel fee under the Schedule of Fees and [he] consent[ed] to the Award of a Fee to [his] attorney in accordance with the Commission's Fee Schedule." Both the County's counsel, Antonia St. John, and the senior claims specialist for the County's third party claim administrator, Melissa Casselman, were copied on the letter, but neither acknowledged receiving it. The Commission docketed the letter and accompanying consent form on December 9, 2009.

On December 15, 2009, Ms. Casselman, emailed Mr. Minor's counsel's office[1] regarding the attorney's fees: "I have received the Award Order on Fred Minor. What are the fees so I can deduct them?" When there was no response to the email inquiry, the County, on December 22, 2009, wrote a check for $14,650.00 (the full amount of the award) made payable to "Frederick Minor C/O John Hall, Esquire" and mailed it to Mr. Minor's attorney's office. Counsel delivered the check to Mr. Minor, who cashed or deposited it on January 6, 2010.

---

[1] The email was addressed to "Kathleen McDonnough", but the record does not indicate her role with Mr. Minor's attorney's office.

2

On January 11, 2010, the Commission rescinded its December 8, 2009 compensation award and entered a new award that included Mr. Minor's consent to pay counsel "in the amount of $2,930.00, plus reimbursement of expenses in the amount of $24.46 [and medical expenses] in the amount of $410.85."

On May 23, 2013, Mr. Minor's counsel filed issues with the Commission for the County's "non compliance of award dated 1/11/10 in which the atty and doctor fees have not been paid to the respective parties." A hearing was held on September 13, 2013, and, on September 20, 2013, the Commission issued its order that:

> the [appellant], Prince George's County Maryland, is not responsible for the payment of attorney's fees. The fee is approved and is payable by [Mr. Minor]. The fee may be collected from [Mr. Minor] or shall constitute a lien against the payment of any future benefits to [him].

On October 15, 2013, Mr. Minor filed for judicial review of the order.

A hearing was held in the circuit court on June 6, 2014. Mr. Minor's counsel argued that "by issuing [the] lump sum check to [Mr. Minor, the County] created a situation where they overpaid [him]. The[ County's] remedy is that should [he] come back for additional benefits in the future [it] may have a credit for an overpayment." But, according to counsel, the County was not relieved of the obligation to pay any attorney's fees awarded in the case. Mr. Minor's counsel further argued that the Commission order stating that fees may be collected from Mr. Minor is a violation of workers' compensation law, and requested that the circuit court vacate the September 2013 Commission order.

3

The County responded that the law requires that any fee shall be paid from an award of compensation in the manner stated by the Commission, and in this case, no fee was provided for in the initial award because no fee consent form was filed. Moreover, if the County had held payment and did not submit payment to Mr. Minor within fifteen days of the award, it would have been subject to a penalty. According to the County, it did not receive a copy of counsel's December 7, 2009 letter, and Mr. Minor's Counsel did not respond to Ms. Casselman's December 15 email, and therefore, the Commission order should be affirmed. To do otherwise, it asserted, would impose a burden on the County not provided for in existing law. At the conclusion of the hearing, the circuit court, commenting that it was "obvious that steps could have been taken on either side to avoid this problem," took the case under advisement.

On September 16, 2014, the circuit court filed an "Opinion and Order" finding that "the Commission's September 20, 2013 order placing responsibility on Mr. Minor was an incorrect construction of the law and facts" and that the County is "required to pay $2,930.00" to Mr. Minor's counsel:

> The record reflects that the County and its agents should have known that a fee petition was filed with the Commission on December 9, 2009 and that the Commission's approval of the fee was pending. First, the December 7, 2009 letter and attached fee petition from Counsel for Mr. Minor was copied to the County's attorney and Ms. Casselman. This letter put the County and Ms. Casselman on notice of the fee petition three weeks before the check was issued. Second, the fee petition was docketed the day after the First Award was issued, and the County and Ms. Casselman easily could have checked the Commission's dockets for any updates. Third, Ms. Casselman's email indicates her knowledge that the issue of counsel fees was still outstanding. While Counsel for Mr. Minor concedes that there was some communication between Ms. Casselman and counsel for Mr. Minor's office, Ms. Casselman, as the County's agent, should have acted more

4

diligently by following up with Counsel for Mr. Minor, checking to see if anything new was docketed with the Commission, directly inquiring of the Commission to determine the requested amount of attorney's fees, or making the check payable to both Mr. Minor and Counsel for Mr. Minor. Instead, Ms. Casselman took no further action in the seven days before payment was due. As the individual responsible for processing Mr. Minor's compensation award, Ms. Casselman was responsible for ensuring she had all the necessary information to make a proper payment, and the information was readily available from the Commission's public records.

Notwithstanding the fact that 20% of the award was not reserved in escrow, on January 11, 2010, a lien attached to the Revised Award approving attorney's fees. The revised award was notice to the County to reserve the $2,930.00 fee in an escrow account. Although the County paid Mr. Minor in full under the First Award, the Commission expressly rescinded the First Award and the County has not been discharged from its liability under the revised award. . . .

Furthermore, the Court accepts the argument by Counsel for appellee that an attorney cannot collect legal fees directly from a claimant in a worker's compensation case. The Commission's attorney fee approval system is such that an attorney cannot collect any legal fees unless approved by the Commission. . . .

Given these policies and considerations and the principles [espoused in the relevant case law], the County is responsible for paying attorney's fees in the event of an overpayment to the claimant.

(Internal citations and footnotes omitted). On October 14, 2014, appellant filed this appeal.

*Standard of Review*

A party can petition for judicial review of a Commission decision pursuant to Md. Code (1991, 2008 Repl. Vol.), § 9-737 of the Labor and Employment Article ("L.E. § 9-737"). In that review, "the decision[] of the Commission ([is]) entitled to [a presumption of] prima facie correctness[,]" *Frank v. Balt. Cnty.*, 284 Md. 655, 658 (1979) (quoting *Md. Bureau of Mines v. Powers*, 258 Md. 379, 382 (1970)), but a court "may reverse a commission ruling only upon a finding that its action was based upon an erroneous

5

construction of the law or facts." *Frank*, 284 Md. at 658. In addition, "[r]eviewing courts should give special deference to an agency's interpretation of its own regulations because the agency is best able to discern its intent in promulgating those regulations." *Brunson v. Univ. of Md. Med. Sys. Corp.*, 221 Md. App. 583, 591 (2015) (alteration in original) (citing *Kim v. Md. State Bd. of Physicians*, 196 Md. App. 362, 372 (2010)).

*Discussion*

The County relies on its compliance "with the Dec. 2009 Award as ordered," and argues that "no lien attached to the Dec. 2009 Award because no fee was approved [by the Commission] at that time," and, in the absence of an approved fee, it was not required to take steps "in furtherance of securing or paying attorney fees." It takes issue with the circuit court's statement that it "should have expected [that] a fee petition . . . would be filed and approved," and argues that the circuit court's decision was inconsistent with the Code of Maryland Regulations, which places an employer/insurer on notice of attorney's fees by a Commission award. In its view, it "reached out beyond its obligation to [Mr. Minor]'s attorney in an attempt to put him on notice of the fee issue," and the Commission correctly found that the "last clear chance" to correct any oversight rested with Mr. Minor and his counsel.

Mr. Minor responds that the County "essentially made an over payment" by writing a check made payable to Mr. Minor without reserving the appropriate attorney's fees, and that an "over payment of worker's compensation benefits can not be recouped from the claimant." Mr. Minor relies heavily on the reasoning of the circuit court in the discussion section of that court's "Opinion and Order."

A brief overview of the relevant workers' compensation law will inform our discussion.  L.E. § 9-731 states:

(a)(1) *Unless approved by the Commission*, a person may not charge or collect a fee for:
(i) legal services in connection with a claim under this title;
(ii) medical services, supplies, or treatment provided under Subtitle 6, Part IX of this title; or
(iii) funeral expenses under Subtitle 6, Part XIII of this title.
(2) *When the Commission approves a fee, the fee is a lien on the compensation awarded*.
(3) Notwithstanding paragraph (2) of this subsection, a fee shall be paid from an award of compensation only in the manner set by the Commission. (Emphasis added).

This provision has a twofold purpose: one is to protect attorneys by imposing a statutory lien on a portion of any compensation award; the other is to protect injured workers by limiting the amount of allowable attorney's fees so that awards will not be exhausted by excessive fees.  *Feissner v. Prince George's Cnty.,* 282 Md. 413, 418 (1978); *Chanticleer Skyline Room, Inc. v. Greer*, 271 Md. 693, 699-700 (1974).  "To balance the need to protect claimants from excessive legal fees against the need of workers to retain competent counsel, the legislature delegated to the Commission, an administrative agency with special expertise in worker's compensation law, the authority over attorney's fees in worker's compensation cases, including the power to promulgate rules governing such fees." *Brunson,* 221 Md. App. at 592-93. To that end, the Commission has adopted the following regulation:

A. Request for Fee Not in Excess of Schedule.

(1) An attorney seeking approval of an attorney's fee that does not exceed the maximum amount set forth in Regulation .03 of this chapter,[2] may request approval of the fee by filing the Claimant's Consent to Pay Attorney and Doctor Fee form.

(2) A completed Claimant's Consent to Pay Attorney and Doctor Fee form shall:

(a) Be signed by the claimant;

(b) Include the amount of any medical evaluation fee requested to be approved;

(c) Include any amount of costs advanced by claimant's attorney for which the attorney is seeking payment; and

(d) Include any appeal fee requested under Regulation .03B(9) of this chapter.

(3) An attorney shall substantiate a request for medical evaluation fee, costs or a fee under Regulation .03B(9) of this chapter by:

(a) Submitting medical bills, receipts, or other evidence of costs; . . .

(5) *An award by the Commission approving an attorney's fee under this regulation shall be notice to the party responsible for payment to reserve in escrow the amount of fee approved*.

COMAR 14.09.04.02 (emphasis added).

The Commission's control over the amount of fees payable and when attorney's fees are paid is plenary. *See Greer*, 271 Md. 693. For example, COMAR 14.09.04.03 provides formulas for calculating the maximum allowable attorney's fees in a particular case, and several statutes determine when an award should be paid, and impose penalties on employers/insurers for late payments. *See* L.E. § 9-727 ("The employer or its insurer shall begin paying compensation to the covered employee within 15 days after the later of the date: (1) an award is made; or (2) payment of an award is due."); L.E. § 9-728 ("If the Commission finds that an employer or its insurer has failed, without good cause, to begin

---

[2] COMAR 14.09.04.03 provides that the "Commission shall approve attorney's fees in accordance with the schedule of fees established by the Commission and set forth in §B of this regulation."

8

paying an award within 15 days after the later of the date that the award is issued or the date that payment of the award is due, the Commission shall assess against the employer or its insurer a fine not exceeding 20% of the amount of the payment.").

Prior to the late 1980's, there was a two-step process in regard to requesting attorney's fees in cases that went to a hearing before the Commission. Theodore B. Cornblatt et al., Workmen's Compensation Manual 63 (1985 Revised Ed. Cum. Supp. 1987). The first step was the Commission's compensation award; the second, which followed the award, was the claimant's attorney's "petition for fee and [its submission] to the Commission for approval." *Id.* At that time, the "filing of a petition for a fee" was notice to the employer and insurer to reserve in escrow the amount requested in the fee petition until the Commission approved the fee. *See* COMAR 14.09.01.21.F (1983); Volume 9, Issue 26 of the Md. Register at 2593 (Dec. 23, 1982) (adopted without change in Volume 10, Issue 12 of the Md. Register at 1073 (June 10, 1983).[3]

Later, however, the Commission initiated a new procedure to streamline the fee approval process. *Compare* Theodore B. Cornblatt et al., Workmen's Compensation Manual 56-57 (1981 with Supp. 1982-83), *with* Theodore B. Cornblatt et al., Workmen's Compensation Manual 63 (1985 Revised Ed. with Cum. Supp. 1987). Rather than filing a petition for fees after the award of compensation, the claimant's attorney submitted a

---

[3] COMAR 14.09.01.21 F. stated:

> As Lien. The filing of a petition for a fee with the Commission and services of a copy on the employer and insurer, self-insurer, of the State Accident Fund, as the case may be, shall be notice to the employer and insurer, self-insurer, or the State Accident Fund, to reserve in escrow the amount of the fee requested in the petition until a fee is approved by the Commission.

"consent to pay attorney fee and doctor fees " (signed by the claimant) at the hearing, and the Commission would then incorporate the approved fees directly into the compensation award. Theodore B. Cornblatt et al., Workers' Compensation Manual 97-98 (5th Ed. 1988). The regulations were amended to reflect the change in procedure by stating that "[a]n award by the Commission approving an attorney's fee under this regulation shall be notice to the party responsible for payment to reserve in escrow the amount of the fee approved." *See* COMAR 14.09.01.24.A.(4) (1991); Volume 18, Issue 3 of the Md. Register at 325-26 (Feb. 8, 1982) (adopted without change in Volume 18, Issue 11 of the Md. Register at 1189 (May 31, 1991)).[4] As a result of this change, the employer/insurer had no obligation to withhold an amount for fees when no consent form was submitted. Theodore B. Cornblatt et al., Workers' Compensation Manual 2-16 (7th Ed. with 1995 Supp.). The current regulations contain the same provision, *see* COMAR 14.09.04.02, and, as Mr. Minor's counsel acknowledges, consent forms are ordinarily submitted at the Commission hearing.

As these procedures and the relevant law and regulations make clear, a claim for fees by an attorney representing a workers' compensation claimant is not a claim against

---

[4] COMAR 14.09.01.24.A.(4) stated:

> An award by the Commission approving an attorney's fee under this regulation shall be notice to the party responsible for payment to reserve in escrow the amount of fee approved. That party shall remit the approved fee to the attorney immediately after the expiration of the 30-day appeal period if an appeal is not filed. If an appeal is timely filed, the party responsible for payment shall continue to reserve in escrow the amount of the fee approved by the Commission pending final determination of the appeal. If the parties agree that an appeal will not be filed, the fee may be remitted to the attorney before the expiration of the 30-day period.

either the Commission or the employer/insurer. *See Feissner*, 282 Md. at 418-19. Instead, "the money to be paid the attorney remains part of the fund to which the employee is entitled as compensation," and, "the payment of legal fees . . . remains at all times the personal responsibility of the claimant." *Id.* In other words, employers/insurers "are obligated to pay an approved attorney's fee only out of compensation awarded to the claimant," when there is an attached lien for such fees, and not "out of their own funds, unless it be for failure to respect a lien lawfully attached." *Feissner v. Prince George's Cnty.*, 37 Md. App. 124, 135 (1977).

For whatever reason, Mr. Minor's counsel failed to file a consent form at the hearing before the Commission, and no award for attorney's fees was included in the Commission's first award. Therefore, no lien attached to the fund established by the award. *See* L.E. § 9-731 ("When the Commission approves a fee, the fee is a lien on the compensation awarded."). It follows that the County, prior to disbursing the ordered award to Mr. Minor, was not, as a matter of law, on notice to reserve in escrow a portion of the award because there was no approved fee. *See* COMAR 14.09.02.04.A.(5) ("An award by the Commission approving an attorney's fee under this regulation shall be notice to the party responsible for payment to reserve in escrow the amount of fee approved."). No fee was approved until January 11, 2010. The County, however, was obligated to pay the compensation award in the compensation order within fifteen days of the date that it was issued, i.e., December 8, 2009. *See* L.E. § 9-727.[5] To be sure, Ms.

_____

[5] In its October 15, 2008 "Compensation Deferred and Average Weekly Wage Award" the Commission "held pending [the claim for compensation in this case] until such time

11

Casselman inquired as to attorney's fees prior to paying the award by emailing someone in the office of Mr. Minor's counsel. But, even if her email indicated her knowledge that a consent to fee form had been filed, that effort exceeded any obligation imposed by the statute or the regulations. Receiving no response from counsel, the County paid the award to Mr. Minor to meet the fifteen day deadline imposed by the statute and to avoid a possible penalty.

It was not until January 11, 2010, when the Commission passed its second award approving the fee request, that a lien could attach to the compensation award. *See* L.E. § 9-731(a)(1)(i), (a)(2). Only then could there have been "an interception of the money in the hands of the insurer" that would bar payment to the claimant of a portion of the compensation award. *Hoffman v. Liberty Mut. Ins. Co.*, 232 Md. 51, 55 (1963). Simply put, when the fee was approved on January 11, 2010, there was no "money in the hands of the insurer," no fund left to which a lien could attach, and the entire compensation award had already been paid to Mr. Minor in accordance with the first award.

This case is factually different than *Hoffman* and *Staley v. Bd. Of Educ. of Washington Cnty.*, 308 Md. 42 (1986), on which both Mr. Minor and the circuit court relied. In *Hoffman*, the question before the Court was "whether an insurance carrier may defeat the statutory lien of an attorney for his fee by applying funds held in escrow,

as the nature and extent of [Mr. Minor's] disability, if any, [could] be determined." The Commission determined, on December 8, 2009, that Mr. Minor was permanently partially disabled "[r]esulting in the 20% loss of use of the right hand" and was entitled to compensation "at the rate of $293.00, payable weekly, beginning November 29, 2008, for a period of 50 weeks." At the time of the Commission award, the entire period of disability had elapsed, and Mr. Minor was entitled to the full award.

pursuant to an order of the Workmen's Compensation Commission, to satisfy an overpayment made to a claimant." 232 Md. at 52. The Court of Appeals concluded that it could not because "[t]he lien of the fee attached at the time of the Commission's original order [approving the attorney's fee], and, as stated above, the only effect of the new modified award and order was to change the amount of the fee." *Id.* at 56. In other words, the lien remained in effect, and the employer/insurer was deemed to be holding the amount of the fee in escrow. *Id.* at 56-57. Therefore, the carrier could not claim the money specifically set aside for fees to satisfy its overpayment to the claimant. *Id.*

In *Staley*, the issue again was "whether the [employer/insurer was required to] pay . . . legal fees to the claimant's attorney even though the amount already paid to the claimant exceeded the total sum due her under the modified award." *Staley*, 308 Md. at 45. Ms. Staley was injured in the course and scope of her employment, and the Commission ordered the employer/insurer to pay disability benefits. *Id.* at 44. The employer/insurer appealed, but continued to pay her benefits during the pendency of the appeal. Before the appeal was decided, her attorney filed a fee petition with the Commission in accordance with the prevailing practice at the time. *Id.* at 44-45. The petition was approved. *Id.* at 45. When the disability award was subsequently reduced, claimant's attorney filed a revised petition for attorney's fees, which the Commission also approved. *Id.* Both orders specified that the legal fees were to be paid from the final weeks of compensation due the claimant. *Id.* The employer/insurer refused to pay counsel claiming that there was no fund to which the attorney's lien could attach because they "were to accumulate funds for the escrow account only from the final weeks of

13

compensation due the claimant." *Id.* at 50. The Court of Appeals rejected that argument and reiterated that the "lien attached to the funds held in escrow when the Commission issued its initial fee order. The insurer was compelled at all times to keep in the escrow account an amount equal to the ultimate fee. The appeal did not affect the existence of either the lien or the funds in the account." *Id.*

In both *Hoffman* and *Staley*, there was an established lien on attorney's fees in effect when the revised awards were issued. Here, the award funds were paid out to the claimant prior to the lien being established.

Unlike some other states, Maryland "does not treat [workers' compensation] attorney's fees as an 'add-on' or 'double' benefit which the employer must pay injured employees in addition to the compensation award itself." *Feissner*, 282 Md. at 418. The Court of Appeals explained:

> [T]he lien attaches when the fee is approved by the Commission, but the money to be paid the attorney remains part of the fund to which the employee is entitled as compensation. *Liability for payment of counsel fees continues to rest with the employee.* Since the employer remains obligated to pay the compensation award from which the fee is to be paid, he may, in part, fulfill his responsibility to the claimant by paying the employee's debt to the attorney. *The statutory lien merely alters the manner in which the employer discharges his liability for the compensation award.*

*Id.* at 419 (emphasis added).

We are mindful that the purpose of the lien provided in L.E. § 9-731 and COMAR 14.09.02.04 is the "protection of attorneys who represent claimants in Workmen's Compensation cases." *Staley*, 308 Md. at 48. But, the statute and regulations will only protect those attorneys who protect themselves. In this case, that purpose would have

14

been served if the attorney had timely filed a petition for fees or even, perhaps, if there had been a timely response to Ms. Casselman's inquiry. The circuit court observed that the County could have avoided this situation by "checking to see if anything new was docketed with the Commission, directly inquiring of the Commission to determine the requested amount of attorney's fees, or making the check payable to both Mr. Minor and Counsel for Mr. Minor." But, checking the docket would not have revealed an approved fee until January 11, 2010, when there was no fund to which a lien could have attached. And, we see nothing in the law that imposes on the County any further obligation to protect an attorney's fees in the absence of an established lien.

That does not mean, however, that counsel is not entitled or can never be paid for his services. The Commission stated in its September 13, 2013 order, the fee is "payable by [Mr. Minor]" and "may be collected from [Mr. Minor] or shall constitute a lien against the payment of any future benefits to [him]." *See also Greer*, 271 Md. at 701. We agree with the Commission and shall reverse the judgment of the circuit court.

**JUDGMENT REVERSED.
COSTS TO BE PAID BY
APPELLEE.**

15